■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONA WALLS, Also Known as GAIL CHASE, Appellant. [798 NYS2d 566]—

Mugglin, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered March 12, 2003,

convicting defendant upon her plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.

Waiving her right to appeal, defendant pleaded guilty to criminal possession of a controlled substance in the fifth degree with the understanding that the recommended sentence was 2 to 6 years in prison. Sentencing was deferred, however, to allow defendant to participate in a Drug Court program. After defendant twice failed to appear at Drug Court, she was sentenced to a prison term of 1½ to 4½ years. Defendant now appeals.

Initially, we note that, insofar as defendant waived her right to appeal and failed to move to withdraw her plea or vacate the judgment of conviction, her challenge to the voluntariness of her guilty plea is not preserved for our review (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Lasher*, 14 AD3d 943, 943-944 [2005]). As there is nothing in the record which casts significant doubt on her guilt, no exception to the preservation rule applies (*see People v Rich*, 10 AD3d 739, 740 [2004]; *People v Keyes*, 300 AD2d 909, 909-910 [2002]).

Defendant's appellate counsel asserts that, since defendant was a crack cocaine user, she *may* have been too intoxicated to form the requisite intent to sell. Failure to advise defendant of this possible intoxication defense is thus the basis for both the claim that defendant received the ineffective assistance of counsel and that her plea was not knowing and voluntary. Not only is this argument based on sheer speculation, it is belied by the record. In a thorough plea colloquy, County Court advised defendant, among other things, that by pleading guilty she waived any affirmative defenses and defendant clearly admitted—by repeating the question before answering it—that she possessed cocaine with the intent to sell it. In short, the record is devoid of evidence that defendant was intoxicated at the time that she committed the crime (*see People v Lasher, supra* at 944; *People v Jaworski*, 296 AD2d 597, 598 [2002]).

Mercure, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.