THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SCOTT, Appellant. [825 NYS2d 325]—

Rose, J. Appeal from an order of the Supreme Court (Demarest, J.), entered December 15, 2005 in St. Lawrence County, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

Defendant pleaded guilty to two counts of sexual abuse in the first degree and was sentenced to 3 to 6 years in prison. Upon completion of his sentence, he duly registered and was classified as a risk level III sex offender in accordance with the Sex Offender Registration Act (*see* Correction Law art 6-C). Subse-

quently, defendant was afforded a redetermination hearing in Supreme Court, where he was again determined to be a risk level III sex offender. Defendant now appeals and we affirm.

Preliminarily, defendant asserts and the People agree that the notice of appeal, which was filed by defendant after Supreme Court's bench decision but before the resulting order was formally entered, should be considered valid. In our discretion and in the interest of justice, we elect to treat this otherwise premature appeal as properly taken.

Turning to the merits, defendant contends that a downward departure from a risk level III status to a risk level II status was warranted based upon his postrelease behavior. A downward modification, however, is appropriate only where a mitigating factor is present that has not already been sufficiently accounted for by the risk assessment guidelines (*see People v Mothersell*, 26 AD3d 620, 621 [2006]; *People v McCormick*, 21 AD3d 1221, 1222 [2005]). Here, in classifying defendant as a risk level III sex offender, Supreme Court fully considered the risk assessment instrument and accepted its recommended scores for the risk factors in the categories of defendant's current offense and his criminal history. Inasmuch as the sum of those scores placed defendant in level III regardless of how low his scores might have been for his postoffense or postrelease conduct, we discern no basis to disturb the court's discretionary determination that a downward departure was not justified (*see People v Mothersell, supra* at 621).

We similarly reject defendant's argument that he was denied the effective assistance of counsel. Contrary to his claim, defense counsel expressly raised and addressed the issue of his behavior following his release from prison. Moreover, defendant's allegation that a request by his counsel for an updated mental health evaluation could or would have resulted in a different risk level determination by the court is based on mere speculation and conjecture (*see People v Studstill*, 27 AD3d 833, 835 [2006], *lv denied* 6 NY3d 898 [2006]; *People v Walls*, 20 AD3d 774, 775 [2005]).

Carpinello, J.P., Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.