■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS KAMINSKI, Appellant. [833 NYS2d 266]—

Peters, J. Appeal from an order of the County Court of Chemung County (Buckley, J.), entered July 28, 2005, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

In October 1979, defendant entered the victim's home, held her down on her bed and forcibly raped her. Following a jury trial, defendant was convicted of rape in the first degree and

burglary in the second degree* and sentenced to concurrent prison terms of 8⅓ to 25 years for the rape conviction and 5 to 15 years for the burglary conviction. He was released to parole supervision but later reincarcerated as the consequence of unrelated felony forgery convictions.

The Board of Examiners of Sex Offenders presumptively classified defendant as a risk level III sex offender in accordance with the Sex Offender Registration Act (*see* Correction Law art 6-C). Following a redetermination hearing, County Court agreed with that risk assessment and classified defendant as a risk level III sex offender. Defendant now appeals and we affirm.

Initially, we reject defendant's assertion that his designation as a risk level III sex offender was not supported by the requisite clear and convincing evidence. The hearing evidence submitted by the People and relied upon by County Court, including the transcript of the victim's grand jury testimony, the victim's sworn statement to the police, the transcript of the sentencing minutes and defendant's criminal history, constituted reliable hearsay (*see* Correction Law § 168-k [2]; *People v Stafford*, 32 AD3d 1133, 1134 [2006]; *People v Scott*, 29 AD3d 1025, 1027 [2006]) and was therefore sufficient to support the determination.

We find similarly unavailing defendant's claim that County Court improperly determined that he and the victim were strangers and, thus, erred in assigning 20 points to his risk assessment score under the category of relationship with the victim. The hearing evidence supported County Court's conclusion that defendant and the victim were strangers for the purpose of the risk assessment instrument.

Finally, we are unpersuaded by defendant's contention that he was entitled to a downward departure from the risk level III classification. A departure from the presumptive risk level is allowable only where there are aggravating or mitigating circumstances which were not otherwise adequately taken into account by the risk assessment guidelines (*see People v Joslyn*, 27 AD3d 1033, 1033-1034 [2006]; *People v Mothersell*, 26 AD3d 620, 621 [2006]). In that regard, the decision as to whether to grant a downward modification is left to the sound discretion of the classifying court (*see People v Mothersell, supra* at 621). Upon our review of the record, we cannot conclude that County Court improvidently exercised its discretion in determining that there were no circumstances present justifying a downward departure.

---

* The jury also found defendant guilty of sodomy in the first degree, but that conviction was ultimately reversed on appeal (*People v Kaminski*, 58 NY2d 886 [1983]).

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.

