■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS R. MITCHELL, Appellant. [839 NYS2d 280]—

Peters, J. Appeal from an order of the County Court of Broome County (Mathews, J.), entered August 11, 2006, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

In 2002, defendant pleaded guilty to attempted sodomy in the first degree and was sentenced to a prison term of five years. Prior to his release, the Board of Examiners of Sex Offenders evaluated and presumptively classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C). A hearing was held on the matter, after which County Court adopted the Board's recommendation. Defendant appeals.

Defendant contends that the People did not meet their burden of proof of showing by clear and convincing evidence that he was a risk level III sex offender. Although he was given a risk assessment score of 115 points, which placed him in that category, defendant argues that at most he should have been assessed 105 points, rendering him a level II sex offender. He challenges the 20 points assessed against him based on the duration of continuing sexual contact with the victim, the 15 points assessed against him for the number and nature of prior crimes and the 15 points assessed against him based on drug or alcohol

abuse. We disagree. The 20 points for continuing sexual conduct were properly assessed based upon defendant's admission of repeated sexual assaults upon the victim (*see People v Dorato*, 291 AD2d 580 [2002]). As to the 15 points assessed for the number and nature of prior crimes, the fact that they did not involve sexual crimes did not mandate that they be discounted (*see People v Whaley*, 38 AD3d 1106 [2007]). Finally, the 15 points assessed for drug or alcohol abuse was proper based on defendant's admitted alcoholism, notwithstanding defendant's completion of programs while in prison addressing such abuse (*see People v Wright*, 37 AD3d 797 [2007]). Under the circumstances, we find clear and convincing evidence to support the determination of County Court and it therefore cannot be said that it abused its discretion in classifying defendant as a risk level III sex offender (*see People v Carter*, 35 AD3d 1023 [2006], *lv denied* 8 NY3d 810 [2007]; *People v Barnett*, 32 AD3d 1132 [2006], *lv denied* 7 NY3d 718 [2006]).

Contrary to defendant's assertions, County Court did take into account the mitigating factors that defendant offered into evidence (*see People v Berry*, 36 AD3d 540 [2007], *lv denied* 8 NY3d 811 [2007]); however, it still found that the risk assessment numbers were accurate and that they fairly reflected defendant's particular situation. The court conducted its own independent review of the evidence and did not simply accept the Board's recommendation. The decision as to whether to grant a downward modification was within County Court's discretion (*see People v Kaminski*, 38 AD3d 1127, 1128 [2007]) and, based on the record before us, we conclude that the court properly exercised its discretion in determining that defendant failed to prove any mitigating factor that would warrant a downward modification (*see People v Velez*, 38 AD3d 867, 868 [2007]).

Cardona, P.J., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.