■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH D. LEEKS, Appellant. [842 NYS2d 613]—

Carpinello, J. Appeal from an order of the County Court of Tompkins County (Sherman, J.), rendered February 16, 2006, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

Defendant was convicted in Florida of various sex crimes involving two different victims. He was incarcerated for five years, served a period of probation and then moved to New York where he registered as a sex offender. The Board of Examiners of Sex Offenders prepared a risk assessment instrument assigning defendant points based upon the characteristics of his crimes and recommending that he be classified as a risk level three sex offender under the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) due to his accumulation of a total of 140 points. Following a hearing, County Court agreed and rendered an order classifying him as such. Defendant now appeals.

Defendant asserts that County Court erroneously adopted the risk assessment instrument's assignment of 20 points in risk factor 6 and 15 points in risk factor 14 in reaching a total of 140 points for purposes of classifying him as a risk level three sex offender. Risk factor 6 provides that 20 points shall be assigned if the "[v]ictim suffered from a mental disability, mental incapacity or physical helplessness." Significantly, defendant admitted that he had sexual contact with a 15-year-old inpatient of a mental health facility where he worked as a patient supervisor. Contrary to his claim, we do not find that the lack of proof regarding the precise nature of her affliction negates this factor.

smokeless tobacco. The current regulations do not permit any tobacco products (see 7 NYCRR 302.2 [e]; 303.2, 303.3).

Risk factor 14 provides that 15 points shall be assigned if the defendant has been released from incarceration without supervision. Inasmuch as it is undisputed that defendant was no longer under probation supervision at the time that he moved to New York, the imposition of 15 points attributable to this factor was also appropriate. In sum, based upon our review of the record, we find that County Court's risk assessment and classification of defendant as a risk level three sex offender is supported by clear and convincing evidence (*see People v Walker*, 15 AD3d 692, 692 [2005]). We further find that a downward departure from the presumptive risk level established by the risk assessment instrument is not warranted under the circumstances presented insofar as there are no mitigating factors not sufficiently accounted for by the risk assessment instrument (*see People v Scott*, 35 AD3d 1015, 1016 [2006], *lv denied* 8 NY3d 808 [2007]).

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.