■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL ROE, Appellant. [850 NYS2d 691]—

Spain, J. Appeal from an order of the County Court of Broome County (Smith, J.), entered February 9, 2007, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

In 1994, defendant was convicted of, among other things, sodomy in the first degree and sexual abuse in the first degree, stemming from his impermissible sexual acts against an 11-year-old girl. Defendant was thereafter sentenced to a term of imprisonment of 9 to 18 years. Prior to his scheduled release in January 2007, the Board of Examiners of Sex Offenders evaluated and classified defendant as a presumptive risk level three sex offender pursuant to the Sex Offender Registration Act (see Correction Law art 6-C). Following a risk assessment hearing, County Court adopted the Board's recommendation and classified defendant as a risk level three sex offender. Defendant now appeals.

Defendant contends that a downward departure from a risk level three sex offender status to a risk level two status is warranted, based upon evidence presented that he was being released into a strong family structure, as well as the steps he has taken regarding drug and alcohol rehabilitation. Such a downward departure is only warranted where there exist mitigating factors not adequately taken into account by the Board's risk assessment guidelines (see People v Leeks, 43 AD3d 1251, 1252 [2007]; People v Scott, 35 AD3d 1015, 1016 [2006], lv denied 8 NY3d 808 [2007]; People v Mothersell, 26 AD3d 620, 621 [2006]). Furthermore, "the question of whether any mitigating factors exist to warrant such a reduction is within the sound discretion of [County Court] to decide" (People v Warren, 42 AD3d 593, 595 [2007], lv denied 9 NY3d 810 [2007]; see People v McCormick, 21 AD3d 1221, 1222 [2005]). Here, the record reveals that County Court considered defendant's rehabilitation efforts and family dynamic in making the classification, and rationally concluded that these factors did not warrant a downward departure from the presumptive risk level three status. Therefore, County Court's conclusion that a downward departure was not warranted did not constitute an abuse of discretion (see People v Mitchell, 41 AD3d 1056, 1057 [2007]; People v Kaminski, 38 AD3d 1127, 1128 [2007], lv denied 9 NY3d 803 [2007]).

Cardona, P.J., Carpinello, Kane and Malone, JJ., concur. Ordered that the order is affirmed, without costs.