■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JODY A. MILLER, Appellant. [859 NYS2d 496]—

Kane, J. Appeal from an order of the County Court of Schoharie County (Bartlett III, J.), entered August 10, 2007, which classified defendant a risk level three sex offender pursuant to the Sex Offender Registration Act.

Defendant pleaded guilty in 1997 to rape in the first degree in satisfaction of an indictment which also charged a second count of rape in the first degree and endangering the welfare of a child. He was sentenced to 5 to 10 years in prison. Prior to his scheduled release in August 2007, the Board of Examiners of Sex Offenders evaluated defendant and classified him a

presumptive risk level three sex offender pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C). A hearing was conducted before County Court, at the conclusion of which the court adopted the Board's recommendation and classified defendant a risk level three sex offender. Contending that County Court abused its discretion in not modifying his risk level three classification downward, defendant now appeals.

A departure from a presumptive risk level is warranted where "there exists an aggravating or mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]; *see People v Roe*, 47 AD3d 1156 [2008], *lv denied* 10 NY3d 707 [2008]; *People v Kaminski*, 38 AD3d 1127, 1128 [2007], *lv denied* 9 NY3d 803 [2007]; *People v Mothersell*, 26 AD3d 620, 621 [2006]). The question of whether a departure is warranted is committed to the sound discretion of the classifying court (*see People v Roe*, 47 AD3d at 1156; *People v Warren*, 42 AD3d 593, 595 [2007], *lv denied* 9 NY3d 810 [2007]; *People v Kaminski*, 38 AD3d at 1128; *People v Mothersell*, 26 AD3d at 621). Defendant does not directly contest the points assigned for refusing treatment and for unsatisfactory conduct while confined, but argues that County Court should have downwardly modified his risk level three classification due to the underlying circumstances. However, the record demonstrates—and defendant concedes— that, while he did complete a single, limited sex offender treatment program, he was removed from a second program for poor performance and thereafter refused to participate in additional recommended programs. Furthermore, he was indisputably found guilty of a tier III disciplinary violation just months prior to his scheduled release although the disposition was in some respects favorable to defendant. It is clear from the record that County Court considered the circumstances of defendant's refusal of treatment and tier III disciplinary violation and we cannot conclude that it abused its discretion by not downwardly departing from defendant's presumptive risk level (*see People v Roe*, 47 AD3d at 1156; *People v Kaminski*, 38 AD3d at 1128; *People v Mothersell*, 26 AD3d at 621).

Cardona, P.J., Peters, Carpinello and Stein, JJ., concur. Ordered that the order is affirmed, without costs.