■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
MICHAEL L. MILTON, JR., Appellant. [866 NYS2d 795]—

Spain, J. Appeal from an order of the County Court of St.
Lawrence County (Richards, J.), entered June 25, 2007, which
classified defendant as a risk level two sex offender pursuant to
the Sex Offender Registration Act.

Defendant pleaded guilty to criminal sexual act in the third
degree and was thereafter sentenced by County Court to 10
years of probation. After a sex offender registration hearing, the
court assigned defendant a risk score of 85 points and classified
him as a risk level two sex offender pursuant to the Sex Of-
fender Registration Act (see Correction Law art 6-C). Defendant
now appeals.

Defendant initially contends that the assessment of 20 points
under the category of "[r]elationship between [o]ffender and
[v]ictim" was erroneous. We disagree. The hearing and the rec-
ord evidence established that, while the victim knew defendant's
girlfriend, defendant was a stranger to the victim for the
purpose of risk assessment (see People v Kaminski, 38 AD3d
1127, 1128 [2007], lv denied 9 NY3d 803 [2007]; see also People
v Lewis, 45 AD3d 1381, 1381-1382 [2007], lv denied 10 NY3d
703 [2008]; People v Gaines, 39 AD3d 1212, 1212-1213 [2007], lv
denied 9 NY3d 803 [2007]; cf. People v McGraw, 24 AD3d 525,
526 [2005]), i.e., defendant was "not an actual acquaintance of
the victim" (Sex Offender Registration Act: Risk Assessment
Guidelines and Commentary, at 12 [2006]). Defendant's other
assertion—that 20 points were improperly assigned under the
category of number of victims—was not raised before County
Court and, as a result, is unpreserved for our review (see People
v Coleman, 45 AD3d 1118, 1118 [2007], lv denied 10 NY3d 705
[2008]). In any event, we reject it as County Court was not
limited to the crime to which defendant pleaded guilty but,
instead, appropriately considered the circumstances of the
underlying crime as reflected in reliable evidence in the record
(see People v Ramirez, 53 AD3d 990, 990 [2008]; People v Hazen,
47 AD3d 1091, 1092 [2008]; People v LaRock, 45 AD3d 1121,
1122-1123 [2007]; People v Lovelace, 39 AD3d 728, 728 [2007],
lv denied 9 NY3d 803 [2007]; see also Correction Law § 168-n
[3]). In this instance, the record reveals that a second underage
girl was present during defendant's criminal conduct. Based
upon the foregoing, the order classifying defendant as a risk
level two sex offender is affirmed.

Cardona, P.J., Mercure, Lahtinen and Malone Jr., JJ., concur.
Ordered that the order is affirmed, without costs.