■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SONNY W. THOMAS, Appellant. [873 NYS2d 757]—

Lahtinen, J. Appeal from an order of the County Court of Warren County (Hall, Jr., J.), entered September 10, 2007, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

Defendant pleaded guilty in October 2001 to one count of attempted rape in the first degree and was sentenced to a prison term of seven years followed by five years of postrelease supervision. In anticipation of defendant's release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument, which presumptively classified defendant as a risk level three sex offender (160 points) in accordance with the Sex Offender Registration Act (*see* Correction Law art 6-C). Following a hearing, County Court granted the People's request to raise defendant's score to 175 points and otherwise concurred with the classification. Defendant now appeals, contending that he was improperly assessed points in four categories on the risk assessment instrument and, further, that a downward departure was warranted.

Defendant initially argues that he improperly was assessed 20 points for the number of victims. We cannot agree. Although defendant pleaded guilty to a single count of attempted rape in the first degree, County Court was not limited to the crime to which defendant pleaded guilty but could, instead, consider reliable hearsay evidence in the record, which plainly revealed that there were two victims (*see People v Milton*, 55 AD3d 1073 [2008]).

Similarly unpersuasive is defendant's claim that he erroneously was assessed 30 points for his youthful offender adjudication for gang assault in the second degree, a class C violent felony (*see* Penal Law § 120.06). "In the context of the criminal history section of the risk assessment instrument, 'the term "crime" includes criminal convictions, youthful offender adjudications and juvenile delinquency findings' " (*People v Irving*, 45 AD3d 1389, 1389 [2007], *lv denied* 10 NY3d 703 [2008], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 6 [Nov. 1997]; *see People v Coleman*, 45 AD3d 1118 [2007], *lv denied* 10 NY3d 705 [2008]).

Thus, it was appropriate to consider this adjudication in assessing defendant's likelihood of reoffense.

Nor do we find merit to defendant's assertion that he inappropriately was scored 15 points for failing to accept responsibility. The record reflects that defendant minimized his involvement in the incident, blamed his codefendant for his arrest and prosecution, suggested that the victims misled him as to their respective ages and refused to participate in a voluntary sex offender treatment program (*see People v Hurlburt-Anderson*, 46 AD3d 1437 [2007]; *People v Dubuque*, 35 AD3d 1011 [2006]). Finally, in light of defendant's disciplinary sanctions, we reject his claim that he improperly was assessed 10 points for conduct while confined (*see People v Catchings*, 56 AD3d 1181 [2008]; *People v Peterson*, 8 AD3d 1124 [2004], *lv denied* 3 NY3d 607 [2004]). In short, the record as a whole contains clear and convincing evidence to support the points assessed and, hence, we cannot say that County Court abused its discretion in classifying defendant as a risk level three sex offender (*see People v Mitchell*, 41 AD3d 1056, 1057 [2007]). We reach a similar conclusion regarding County Court's conclusion that a downward departure was not warranted (*see People v Roe*, 47 AD3d 1156 [2008], *lv denied* 10 NY3d 707 [2008]). Accordingly, County Court's order is affirmed.

Cardona, P.J., Peters, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.