■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID D. CALLAN, Appellant. [881 NYS2d 510]—

Spain, J.P. Appeal from an order of the County Court of Broome County (Cawley Jr., J.), entered February 29, 2008, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.

In 1990, defendant was convicted upon his guilty plea of the crime of sexual abuse in the first degree and was sentenced to a jail term and probation. He was classified as a risk level three sex offender pursuant to the terms of the Sex Offender Registration Act (Correction Law § 168 *et seq.*). Defendant was afforded a reassessment hearing (*see Doe v Pataki*, 3 F Supp 2d 456 [SD NY 1998]), following which he was reclassified as a risk level two sex offender. Defendant appeals and we affirm.

We are unswayed by defendant's assertion that County Court's reclassification was not supported by clear and convincing evidence (*see* Correction Law § 168-n [3]; *People v Dort*, 18 AD3d 23, 24 [2005], *lv denied* 4 NY3d 885 [2005]). Defendant's guilty plea established that he subjected the 10-year-old victim to sexual contact (*see* Correction Law § 168-n [3]). Defendant contends that he should not have been assessed points for a

"[c]ontinuing course of sexual misconduct." County Court was not limited to consideration of the crime of conviction, however, and properly viewed the victim's statement to police, as well as a supplementary report prepared by a Broome County Sheriff's Department detective, as reliable hearsay sufficient to establish that defendant engaged in such a course of conduct (*see People v Thomas*, 59 AD3d 783, 784 [2009]; *People v Milton*, 55 AD3d 1073, 1073 [2008]). Those documents also provide reliable hearsay sufficient to warrant assessing points for defendant having engaged in sexual intercourse with the victim. As such, even if the People failed to establish that defendant had not accepted responsibility for his actions, his risk assessment score would still rank him as a risk level two sex offender (*see People v Bove*, 52 AD3d 1124, 1125 [2008]).

Finally, County Court appropriately considered defendant's criminal history and all other relevant factors, and its determination that the proof did not warrant a downward departure from the presumptive risk level was not an abuse of discretion (*see People v Scott*, 35 AD3d 1015, 1016 [2006], *lv denied* 8 NY3d 808 [2007]; *People v Mothersell*, 26 AD3d 620, 621 [2006]).

Lahtinen, Malone Jr., Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.