■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY JOHNSON, Appellant. [889 NYS2d 121]—

Rose, J. Appeal from an order of the County Court of Sullivan County (LaBuda, J.), entered March 27, 2006, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

In 2002, defendant was sentenced to a prison term of five years and five years of postrelease supervision after pleading guilty to one count of rape in the first degree based upon having sexual intercourse with a 12-year-old girl. Prior to his release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument which presumptively classified defendant as a risk level two sex offender (95 points) in accordance with the Sex Offender Registration Act (*see* Correction Law art 6-C). Nevertheless, the Board recommended an upward departure to risk level three status as a result of defendant's conviction for endangering the welfare of a child, which was based on inappropriate sexual behavior and encompassed acts performed after those leading to his conviction for rape. Following a risk assessment hearing, County Court determined that defendant was a sexually violent offender and placed him in the risk level three classification. Defendant now appeals.

We must reverse. Although a departure from the presumptive risk level may be warranted when an aggravating or mitigating factor exists that is not adequately taken into account by the guidelines (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]), such special circumstances must be proven by clear and convincing evidence (*see People v Miranda*, 24 AD3d 909, 910 [2005]). Moreover, County

Court is required to "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based" (Correction Law § 168-n [3]). Here, despite evidence in the record indicating that an upward departure might be warranted, the People offered no proof of such and County Court's findings in that regard are insufficiently detailed to permit intelligent appellate review (*cf. People v Roberts*, 54 AD3d 1106, 1106-1107 [2008], *lv denied* 11 NY3d 713 [2008]). County Court's sole articulated rationale for its determination was a section of the presentence investigation report which described the events leading to defendant's rape conviction. Inasmuch as that crime was adequately covered by the risk assessment instrument, however, it cannot be considered an aggravating factor (*see People v Roberts*, 54 AD3d at 1107).

Finally, we are unpersuaded by the People's argument that defendant failed to preserve the issue. Defendant challenged the proposed elevation of his classification to risk level three and had no reason to anticipate that County Court would focus solely upon his original offense (*cf. People v Oginski*, 35 AD3d 952, 953 [2006]). Accordingly, the matter must be remitted for the court's issuance of findings of fact and conclusions of law as to whether defendant's subsequent conviction for endangering the welfare of a child warrants an upward departure from his presumptive classification as a risk level two sex offender (*see People v Marr*, 20 AD3d 692, 693 [2005]).

Mercure, J.P., Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court's decision.