■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFTON M. BARNETT, Appellant. [897 NYS2d 295]—

Stein, J. Appeal from an order of the County Court of Broome County (Smith, J.), entered December 1, 2008, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

In April 2006 defendant, then 19 years old, pleaded guilty to sexual misconduct and was sentenced to six years of probation. The conduct underlying that conviction stemmed from defendant having sexual intercourse with his then 15-year-old victim. While that matter was pending, defendant entered into a relationship with a 14-year-old female and, on three occasions during 2006, including the morning of his plea and sentencing on the sexual misconduct charge, engaged in sexual intercourse and deviate sexual intercourse with that victim. Defendant thereafter pleaded guilty in December 2006 to one count of rape

in the second degree and was sentenced to a prison term of $1\frac{1}{3}$ to 3 years.

In anticipation of defendant's conditional release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument that presumptively classified defendant as a risk level three sex offender (145 points) under the Sex Offender Registration Act (*see* Correction Law art 6-C). At the hearing that followed, defendant did not dispute the points assessed in each category of the risk assessment instrument but did argue that a downward departure was warranted. County Court denied defendant's request and classified defendant as a risk level three sex offender, prompting this appeal.

We affirm. A departure from the presumptive risk level classification is warranted only where "there exists an aggravating or mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]; *see People v Miller*, 51 AD3d 1298, 1299 [2008], *lv denied* 11 NY3d 703 [2008]; *People v McCormick*, 21 AD3d 1221, 1222 [2005]). The question of whether such factor exists rests within the sound discretion of County Court (*see People v Roe*, 47 AD3d 1156 [2008], *lv denied* 10 NY3d 707 [2008]), and clear and convincing evidence of a special circumstance must exist in order to warrant the requested modification (*see People v McCormick*, 21 AD3d at 1222).

Here, defendant contends that a downward modification is warranted due to the lack of forcible compulsion and the age difference between him and his victim. The lack of forcible compulsion, however, was adequately taken into account by the risk assessment instrument, which assessed no points for this factor. As for the perceived closeness in age between defendant and his victim, we need note only that the two cases cited by defendant in support of his modification request on this ground—*People v Brewer* (63 AD3d 1604 [2009]) and *People v Weatherley* (41 AD3d 1238 [2007])—are readily distinguishable, in that each of those cases involved a defendant who had committed his first sex offense and was enrolled in sex offender counseling at the time of the underlying hearing. As defendant here engaged in one sex crime while awaiting plea and sentencing on another, we cannot say that County Court erred in concluding that a downward departure was unwarranted. Defendant's remaining contentions have been examined and found to be lacking in merit.

Cardona, P.J., Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the order is affirmed, without costs.