■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM KING, Appellant. [898 NYS2d 734]—

Garry, J. Appeal from an order of the Supreme Court (Lamont, J.), entered March 26, 2009 in Albany County, which classified defendant as a risk level three sex offender and a sexually violent offender pursuant to the Sex Offender Registration Act.

In 1987, defendant was convicted of rape in the first degree (two counts), rape in the second degree and rape in the third degree (two counts) stemming from conduct in which he engaged in sexual intercourse by forcible compulsion with one

victim under the age of 17 and sexual intercourse with another victim less than 14 years of age. He was sentenced to prison terms of 12½ to 25 years for the rape in the first degree convictions and 3½ to 7 years for the rape in the second degree conviction, with the sentences to run consecutively, and 2 to 4 years in prison for the rape in the third degree convictions, with that sentence to run concurrently with the other sentences. In anticipation of his release from prison, the Board of Examiners of Sex Offenders classified defendant as a presumptive risk level three sex offender (135 points) in accordance with the Sex Offender Registration Act (*see* Correction Law art 6-C). Following a hearing, Supreme Court adopted the Board's recommendation and classified defendant as a risk level three sex offender and a sexually violent offender. Defendant now appeals.

Defendant contends that a downward departure from a risk level three sex offender status to a risk level two status is warranted. "[A] downward departure is only warranted where there exist mitigating factors not adequately taken into account by the Board's risk assessment guidelines" (*People v Roe*, 47 AD3d 1156 [2008], *lv denied* 10 NY3d 707 [2008]; *see People v Barody*, 54 AD3d 1109, 1110 [2008]). "[T]he question of whether any mitigating factors exist to warrant such a reduction is within the sound discretion of the court to decide" (*People v Warren*, 42 AD3d 593, 595 [2007], *lv denied* 9 NY3d 810 [2007]; *accord People v Roe*, 47 AD3d at 1156). Here, defendant bases his contention on evidence in the record of his rehabilitation while in prison, including evidence that he has accepted responsibility for his crimes, successfully completed a sex offender rehabilitation program and had a favorable prison disciplinary record. As acceptance of responsibility (risk factor 12) and conduct while confined (risk factor 13) are evaluated in the risk assessment guidelines, Supreme Court properly determined that defendant's post-offense behavior in those areas was not a mitigating factor not taken into account by the guidelines. Further, as the record reveals that Supreme Court considered defendant's other evidence and rationally determined that a downward departure was not warranted, we cannot conclude that its decision was an abuse of discretion (*see People v Callan*, 62 AD3d 1218, 1219 [2009]; *People v Roe*, 47 AD3d at 1156).

Cardona, P.J., Mercure, Spain and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.