■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHNNY JOHNSON, Respondent. [909 NYS2d 410]—

Rose, J. Appeal from an order of the County Court of Sullivan County (LaBuda, J.), entered January 25, 2010, which classified defendant as a risk level one sex offender pursuant to the Sex Offender Registration Act.

In 2002, defendant pleaded guilty to rape in the first degree and was sentenced to a prison term of five years followed by five years of postrelease supervision. The Board of Examiners of Sex Offenders thereafter prepared a risk assessment instrument that presumptively classified defendant as a risk level two sex offender in accordance with the Sex Offender Registration Act (*see* Correction Law art 6-C). Following a hearing, County Court granted the Board's request for an upward departure and classified defendant as a risk level three sex offender. Upon appeal, this Court reversed, finding that "County Court's findings in that regard [were] insufficiently detailed to permit intelligent appellate review," and remitted the matter to County Court for further proceedings (*People v Johnson*, 67 AD3d 1206, 1207 [2009]). After conducting a new hearing, at which defendant submitted additional evidence, County Court granted defendant's request for a downward departure and classified defendant as a risk level one sex offender. This appeal by the People ensued.

To the extent that the People contend that County Court exceeded the scope of this Court's remittal by conducting a new hearing, we need note only that the People, having raised no

objection to either the hearing itself or the proof received into evidence on defendant's behalf, cannot now be heard to complain. Turning to the merits, it is well settled that "a downward departure is only warranted where there exist mitigating factors not adequately taken into account by the Board's risk assessment guidelines" (*People v Roe*, 47 AD3d 1156, 1156 [2008], *lv denied* 10 NY3d 707 [2008]; *see People v Barnett* 71 AD3d 1296, 1297 [2010]; *People v Mothersell*, 26 AD3d 620, 621 [2006]). Further, the question of whether to grant a downward modification is a matter left to the classifying court's sound discretion (*see People v King*, 72 AD3d 1363, 1364 [2010]; *People v Kaminski*, 38 AD3d 1127, 1128 [2007], *lv denied* 9 NY3d 803 [2007]).

Here, the People are correct in noting that defendant's acceptance of responsibility and his successful discharge from a sex offender treatment program are circumstances already encompassed by the risk assessment instrument. However, the additional documentation received at the new hearing, including letters from personnel involved in defendant's outpatient treatment program, establishes that defendant not only has developed a sound relapse prevention plan but has continued to participate in the outpatient program's group discussions "solely to help other offenders." Additionally, defendant has voluntarily continued his drug and alcohol treatment, resulting in an extended period of sobriety. Further, a risk assessment conducted by personnel at the outpatient program placed defendant at a very low risk of reoffending. Finally, defendant spoke at length at the hearing regarding his rehabilitative efforts and his work with various programs aimed at assisting other offenders. County Court plainly was impressed with defendant's work with other offenders and the progress defendant had made, and found such efforts sufficient to warrant the requested downward departure. Under the particular facts of this case, we cannot say that County Court's determination constituted an abuse of discretion. Accordingly, the order classifying defendant as a risk level one sex offender is affirmed.

Spain, J.P., Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.