■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM F. NICHOLS, Appellant. [915 NYS2d 374]—

Lahtinen, J. Appeal from an order of the County Court of Montgomery County (Catena, J.), entered December 30, 2009, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

Defendant was convicted of numerous crimes arising from sexual acts he perpetrated upon his stepdaughter starting when she was 10 years old and continuing for several years (*see People v Nichols*, 257 AD2d 851 [1999], *lv denied* 93 NY2d 901 [1999]; *see also People v Nichols*, 289 AD2d 605 [2001], *lv denied* 98 NY2d 639 [2002]). Prior to his release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument in which defendant's score of 120 presumptively classified him as a risk level three sex offender (*see* Correction Law art 6-C), and the Board recommended no departure from this classification. Following a hearing, County Court adopted the Board's recommendation. Defendant appeals.

Initially, defendant argues that the 15-point assessment for alcohol abuse was not adequately supported by the evidence. A defendant's risk level classification must be established by clear and convincing evidence, and reliable hearsay may be used in determining the classification (*see People v Hazen*, 47 AD3d 1091, 1092 [2008]; *People v Warren*, 42 AD3d 593, 594 [2007], *lv denied* 9 NY3d 810 [2007]). The presentence report indicated that defendant had acknowledged that he began drinking in his early teens, he admitted to having an alcohol problem, he had two prior arrests for driving while intoxicated and he had scored as an alcoholic on a screening test administered when he was in prison. Moreover, the victim testified at trial that defendant had been drinking on several occasions when he abused her. This proof was sufficient to uphold the point assessment for alcohol abuse (*see People v Luebbert*, 73 AD3d 1399, 1400 [2010]; *People v Barrier*, 58 AD3d 1086, 1087-1088 [2009], *lv denied* 12 NY3d 707 [2009]; *People v Longtin*, 54 AD3d 1110, 1111 [2008], *lv denied* 11 NY3d 714 [2008]).

His further assertion that a downward departure to risk level two was warranted by mitigating factors is unpersuasive. "[W]hile [County] Court is empowered to downwardly depart from the presumptive risk level based upon the facts in the record, the question of whether any mitigating factors exist to warrant such a reduction is within the sound discretion of the court to decide" (*People v Warren*, 42 AD3d at 595 [citations omitted]). The factors to which defendant points as supporting a downward departure included that he accepted responsibility for his conduct and he had a good prison record. Since these factors are already taken into account in the risk assessment guidelines, they do not typically support a downward departure (*see People v King*, 72 AD3d 1363, 1364 [2010]). County Court acted within its discretion in declining a downward departure.

Finally, defendant contends that his counsel provided ineffective assistance. Counsel was not, as asserted by defendant, unfamiliar with the pertinent issues. In fact, counsel made appropriate arguments, including pointing out defendant's good prison record and arguing reasons that County Court should not assess 15 points for alcohol abuse. Moreover, counsel persuaded the court not to consider a collateral issue interjected by the People regarding a federal court matter involving defendant. The fact that counsel incorporated—after review—written arguments prepared by defendant does not lead to the conclusion that counsel was not adequately prepared. The record reveals that defendant received the effective assistance of counsel (*see People v Carey*, 47 AD3d 1079, 1080 [2008], *lv dismissed* 10 NY3d 893 [2008]; *People v Hood*, 35 AD3d 1138, 1139 [2006], *lv denied* 8 NY3d 808 [2007]; *People v Scott*, 35 AD3d 1015, 1016 [2006], *lv denied* 8 NY3d 808 [2007]).

Peters, J.P., Rose, Kavanagh and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.