■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOSES A. GOOD, Appellant. [930 NYS2d 495]—

Garry, J.

Defendant pleaded guilty to one count of sexual abuse in the first degree in full satisfaction of an indictment that also charged him with sexual abuse in the third degree and endangering the welfare of a child. Defendant was sentenced to three years in prison followed by five years of postrelease supervision. Prior to his release from prison, the Board of Examiners of Sex Offenders completed a risk assessment instrument, calculating a score of 80 points and presumptively classifying defendant as a risk level two sex offender (*see* Correction Law art 6-C). Following a hearing, County Court also calculated defendant's risk assessment score at 80 points, determined that there was no basis for departure and classified defendant a risk level two sex offender. Defendant appeals.

The People must establish the proper risk level classification by clear and convincing evidence, which may include reliable hearsay such as the risk assessment instrument, case summary, presentence investigation report and statements provided by the victim to police (*see People v Stewart*, 77 AD3d 1029, 1030 [2010]; *People v Arroyo*, 54 AD3d 1141, 1141 [2008], *lv denied* 11 NY3d 711 [2008]). In this case, defendant's classification as a

risk level two sex offender is supported by the evidence. County Court's assessment of 15 points for drug or alcohol abuse is supported by evidence of defendant's admitted use of drugs and alcohol and history of two drug-related offenses (*see People v Nichols*, 80 AD3d 1013, 1013 [2011]; *People v Rhodehouse*, 77 AD3d 1032, 1033 [2010], *lv denied* 16 NY3d 701 [2011]), and defendant's participation in a substance abuse treatment program does not require a different result (*see People v Warren*, 42 AD3d 593, 594 [2007], *lv denied* 9 NY3d 810 [2007]). Finally, we do not find that the court abused its discretion in denying defendant's request for a downward departure from the presumptive risk level (*see People v Nichols*, 80 AD3d at 1014; *People v Warren*, 42 AD3d at 595; *People v Mothersell*, 26 AD3d 620, 621 [2006]).

Peters, J.P., Rose, Lahtinen and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.