Lahtinen, J.
Appeal from an order of the County Court of Albany County (Breslin, J.), entered January 26, 2010, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
In 1999, defendant entered a nolo contendere guilty plea to one count of lewd and lascivious conduct with a child less than 16 years of age in Vermont. Defendant’s sentence of incarceration was suspended, and he was sentenced to a term of probation, which was revoked in 2001 for multiple violations. After defendant relocated to New York in 2009, the Board of Examiners of Sex Offenders prepared a risk assessment instrument pursuant to the Sex Offender Registration Act (see Correction Law art 6-C), which presumptively classified defendant as a risk level three sex offender (150 points). Nonetheless, the Board recommended a downward departure to a risk level two status. Following a hearing, County Court adopted the Board’s recommendation and classified defendant as a risk level two sex offender. Defendant appeals, maintaining that County Court erred in failing to grant a further downward departure to a risk level one status.
We affirm. Initially, defendant argues that he should not have been assessed 40 points because his guilty plea only concerned one underage victim and one incident of sexual intercourse. However, even assuming, arguendo, that we agreed that these 40 points should be deducted, the remaining 110 points would still result in his presumptive classification as a risk level three sex offender. As it stands, the mitigating factors cited by defendant, including the fact that he was apparently assessed a risk level one status in Vermont, were already before the Board and factored into the recommendation of a downward departure to a risk level three status. Under the circumstances, we find no basis to conclude that County Court abused its discretion in *1115 classifying defendant as a risk level two sex offender (see People v Good, 88 AD3d 1037, 1038 [2011], lv denied 18 NY3d 802 [2011]).
Peters, P.J., Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.