Egan Jr., J.
Appeal from an order of the County Court of St. Lawrence County (Richards, J.), entered May 31, 2011, which classified defendant as a risk level three sex offender and a sexually violent offender pursuant to the Sex Offender Registration Act.
While he was employed as a State Trooper, defendant was charged with various crimes involving inappropriate sexual contact with three young boys over a nearly 10-year period. In 2006, in satisfaction of these charges, defendant pleaded guilty to two counts of attempted criminal sexual act in the first degree and one count of attempted sodomy in the first degree and was sentenced to concurrent prison terms of six years followed by five years of postrelease supervision. In anticipation of defendant’s release from prison, the Board of Examiners of Sex Offenders recommended that defendant be classified a risk level three sex offender and a sexually violent offender pursuant to the Sex Offender Registration Act (see Correction Law art 6-C) based upon its risk assessment instrument. A hearing subsequently was conducted, at the conclusion of which County Court classified defendant as a risk level three sex offender and a sexually violent offender and denied his request for a downward departure. County Court entered an order accordingly and defendant now appeals.
Although defendant concedes that the scoring on the risk assessment instrument presumptively placed him in the category of a risk level three sex offender, he nonetheless argues that County Court improperly denied his request for a downward departure from the presumptive risk level classification. In this regard, we note that “[a] departure from the presumptive risk *1163 level classification is warranted only where ‘there exists an aggravating or mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines’ ” (People v Barnett, 71 AD3d 1296, 1297 [2010], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; see People v Lesch, 38 AD3d 1129, 1130 [2007], lv denied 8 NY3d 816 [2007]). Whether such a factor exists is a matter committed to the court’s sound discretion (see People v Nichols, 80 AD3d 1013, 1014 [2011]) and, further, must be demonstrated by clear and convincing evidence (see People v Barnett, 71 AD3d at 1297).
Here, the mitigating factors cited by defendant include his acceptance of responsibility for his crimes — as evidenced by his successful completion of a sex offender treatment program— and his significant educational and rehabilitative efforts while confined, which he claims have reduced his likelihood of reoffending. However, these factors already were taken into account by the guidelines, as evidenced by the scoring on the risk assessment instrument for acceptance of responsibility (risk factor 12) and conduct while confined (risk factor 13). Accordingly, County Court properly exercised its discretion in concluding that a downward departure was not warranted (see People v Nichols, 80 AD3d at 1014; People v King, 72 AD3d 1363, 1364 [2010]; People v Roe, 47 AD3d 1156, 1156 [2008], lv denied 10 NY3d 707 [2008]). Defendant’s remaining arguments in support of the requested departure have been examined and found to be lacking in merit.
Peters, P.J., Lahtinen, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, without costs.