■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT W. TUMMINIA, Appellant. [976 NYS2d 312]—

Rose, J. Appeal from an order of the County Court of Broome County (Smith, J.), entered February 9, 2011, which classified defendant as a risk level III sex offender and a sexually violent offender pursuant to the Sex Offender Registration Act.

Defendant pleaded guilty to rape in the first degree after he acknowledged that he used a knife to force the victim to have sexual intercourse with him, and he was sentenced to a prison term of 15 years (People v Tumminia, 272 AD2d 634 [2000], lv denied 95 NY2d 939 [2000]). In anticipation of defendant's release from prison, the Board of Examiners of Sex Offenders

prepared a risk assessment instrument that presumptively classified him as a risk level III sex offender in accordance with the Sex Offender Registration Act (*see* Correction Law art 6-C). County Court conducted a hearing, at the end of which it concurred with the Board's recommendation and rejected defendant's request for a downward departure from the presumptive risk level.

In his pro se brief on appeal, defendant accurately points out that County Court failed to issue the statutorily required written order setting forth its findings of fact and conclusions of law (*see* Correction Law § 168-n [3]). Remittal is not required, however, "inasmuch as County Court's oral findings regarding presumptively classifying defendant as a risk level III sex offender . . . are clear, supported by the record and sufficiently detailed to permit intelligent review" (*People v Carter*, 106 AD3d 1202, 1203 [2013]; *see People v Farrell* 78 AD3d 1454, 1455 [2010]).

Turning to the merits, defendant now claims that he and the victim were acquainted prior to the attack. The victim denied knowing defendant, however, and defendant gave no reason to believe that they were familiar with each other in his statement to the police. County Court was free to credit this evidence and assess 20 points to defendant under risk factor 7 (*see People v Milton*, 55 AD3d 1073, 1073 [2008]; *People v Kaminski*, 38 AD3d 1127, 1128 [2007], *lv denied* 9 NY3d 803 [2007]).

Defendant was also appropriately assessed 15 points under risk factor 11 for his history of drug and alcohol abuse, notwithstanding the fact that he obtained treatment and apparently abstained while he was incarcerated (*see People v Belile*, 108 AD3d 890, 890 [2013], *lv denied* 22 NY3d 853 [2013]; *People v Legall*, 63 AD3d 1305, 1306 [2009], *lv denied* 13 NY3d 706 [2009]). Further, defendant's prison disciplinary history supports County Court's assessment of 10 points under risk factor 13, and we are unpersuaded that County Court abused its discretion in denying defendant's request for a downward departure (*see People v Good*, 88 AD3d 1037, 1038 [2011], *lv denied* 18 NY3d 802 [2011]). To the extent that defendant's remaining contentions are properly before us, they have been examined and found to be similarly lacking in merit.

Peters, P.J., Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, without costs.