The People of the State of New York, Respondent,
against
Abdul Flynn, Defendant-Appellant.



Defendant appeals from an order of the Criminal Court of the City of New York, New York County (Marc J. Whiten, J.), dated September 5, 2012, which, after a hearing, designated him a level three sex offender under the Sex Offender Registration Act (Correction Law Art. 6-C).




Per Curiam.
Order (Marc J. Whiten, J.), dated September 5, 2012, affirmed.
The record supports the level three sex offender adjudication. Defendant's challenge to the 30-point assessment based upon there being three victims is lacking in merit. Although defendant pleaded guilty to a single count of third-degree sexual abuse, the SORA court was not limited to the crime to which defendant pleaded guilty (see People v Colon, 139 AD3d 466 [2016], lv denied 28 NY3d 901 [2016]; People v Thomas, 59 AD3d 783, 784 [2009]), but could, instead, consider reliable hearsay evidence in the record, including the case summary, misdemeanor complaint and supporting deposition (see People v Mingo, 12 NY3d 563, 572—573 [2009]; People v Witherspoon, 140 AD3d 1674, 1675 [2016], lv denied 28 NY3d 905 [2016]), which plainly revealed that there were three victims. 
The SORA Court also correctly assessed 20 points against defendant under risk factor 7 because he was a stranger to the victims. The allegations in the misdemeanor complaint and supporting deposition supported a reasonable inference that the victims and defendant did not know each other (see People v O'Neal, 35 AD3d 302 [2006], lv denied 8 NY3d 809 [2007]). The court also properly assessed 15 points for defendant's history of drug or alcohol abuse, based upon defendant's admission to prison officials in a reception interview in 2003 that he had abused alcohol and crack, and upon him scoring in the alcoholic range on a prison screening test that same year (see People v Zewge, 142 AD3d 880, 881 [2016]; People v Tejada, 51 AD3d 472 [2008]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 23, 2017