People v Butler (2018 NY Slip Op 03183)





People v Butler


2018 NY Slip Op 03183


Decided on May 3, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 3, 2018

523914

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MICHAEL BUTLER, Appellant.

Calendar Date: March 30, 2018

Before: McCarthy, J.P., Clark, Mulvey, Aarons and Rumsey, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Jason M. Carusone, District Attorney, Lake George (Rebecca Nealon of counsel), for respondent.


Rumsey, J.

MEMORANDUM AND ORDER
Appeal from an order of the County Court of Warren County (Hall Jr., J.), entered September 15, 2015, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
Defendant pleaded guilty to rape in the third degree as a result of his sexual encounters with a female who was less than 17 years old. Prior to defendant's release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument (hereinafter RAI) pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) that was submitted to County Court giving defendant a score of 130 points and presumptively classifying him as a risk level
three sex offender. Following a hearing, County Court reduced defendant's score to 115 points, which also placed him in the presumptive risk level three sex offender classification. Defendant now appeals.
Initially, defendant contends that County Court improperly tallied the points assigned to various risk factors on the RAI in arriving at a score of 115 points. Our review of the record confirms, and the People agree, that the score should have been 95 points and that defendant should have been classified as a risk level two sex offender under SORA. Accordingly, defendant must be designated a risk level two sex offender.
Defendant further asserts that County Court erroneously assigned points to risk factors 8 and 9 based on his prior youthful offender adjudication for sexual misconduct. Defendant's [*2]argument is unavailing, in light of the decision rendered by the Court of Appeals after his appeal was submitted holding that youthful offender adjudications may appropriately be considered when preparing a RAI under SORA (People v Francis, 30 NY3d 737, 746-747 [2018]).
Furthermore, we find no merit to defendant's claim that his counsel's failure to seek a downward modification deprived him of the effective assistance of counsel. The record discloses that, during the course of the hearing, defense counsel persuasively argued against assigning points for various risk factors, particularly those pertaining to defendant's youthful offender adjudication, and obtained a reduction in points for one risk factor. Notably, defendant expressed his satisfaction with counsel's services. Under these circumstances, we conclude that defendant was provided meaningful representation (see People v Lightaul, 138 AD3d 1256, 1258 [2016], lv denied 28 NY3d 907 [2016]; People v Nichols, 80 AD3d 1013, 1014 [2011]).
McCarthy, J.P., Clark, Mulvey and Aarons, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and defendant is classified a risk level two sex offender under the Sex Offender Registration Act.