■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANNY CUESTA, Appellant. [886 NYS2d 413]—

Appeal by the defendant from an order of the County Court, Suffolk County (Hinrichs, J.), dated October 23, 2007, which after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant, a teacher, pleaded guilty to rape in the third degree, two counts of criminal sexual act in the third degree, and endangering the welfare of a child, for having sexual relations with a 15-year-old student. Pursuant to Correction Law article 6-C, a hearing was held, wherein the court assessed the defendant 130 points and designated him a level three sex offender.

The defendant contends that, pursuant to a plea agreement entered into in Nassau County, he was promised a level two designation, and therefore that promise should also apply to his plea in this proceeding in Suffolk County. The defendant further contends that the court erred in assessing him points for three or more victims, abuse of a professional relationship, and lack of supervision after release.

There was no promise made in the Suffolk County plea proceeding regarding the designation other than the County Court advising that a hearing would be held, at which time it

would determine the level that the defendant was to be designated. The Nassau County plea and any alleged promises made in that plea agreement are separate and apart from the plea agreement entered into in Suffolk County.

Further, the defendant was properly designated a level three sex offender. Contrary to the defendant's contention, there was an abuse of a professional relationship, and the County Court properly assessed the defendant points for a relationship with the victim (*see People v Kraus,* 45 AD3d 826 [2007]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 12 [Nov. 1997]).

The County Court erred in considering the statement of a former student who alleged to have had a sexual relationship with the defendant, since it was unreliable. However, the court properly considered the statement from a second former student that was reliable. Accordingly, the existence of two victims (the subject victim and the second former student) was proven by clear and convincing evidence (*see People v Thomas,* 59 AD3d 783 [2009]). Although the defendant should have only been assessed points for two victims and not three victims for this factor, the level three risk adjudication would not be altered based on the reduction of points.

The defendant's contention regarding the assessment of points for lack of supervision upon release is unpreserved for appellate review and, in any event, is without merit (*see People v Milton,* 55 AD3d 1073 [2008]).

Finally, the defendant failed to establish the existence of any mitigating factors warranting a downward departure (*see People v Bowens,* 55 AD3d 809, 810 [2008]). Spolzino, J.P., Angiolillo, Leventhal and Lott, JJ., concur.