■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GRAHAM FARRELL, Appellant. [912 NYS2d 140]—

Rose, J. Appeal from an order of the County Court of Columbia County (Czajka, J.), entered March 10, 2010, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.

In 2004, defendant pleaded guilty to criminal sexual conduct in the second degree in Minnesota and was sentenced to 25 years of probation. Upon his relocation to New York in 2009, the Board of Examiners of Sex Offenders prepared a risk assessment instrument which presumptively classified defendant as a

* The criminal charges were ultimately adjourned in contemplation of dismissal or dismissed outright.

risk level one sex offender (50 points) in accordance with the Sex Offender Registration Act (*see* Correction Law art 6-C), but recommended an upward departure to risk level two status. Following a risk assessment hearing, County Court agreed that an upward departure was warranted and classified defendant as a risk level two sex offender. This appeal ensued.

We note preliminarily that County Court's oral findings are supported by the record and sufficiently detailed to permit intelligent review; thus, remittal is not required despite defendant's accurate assertion regarding the court's failure to render an order setting forth the findings of fact and conclusions of law upon which its determination is based (*see People v Roberts*, 54 AD3d 1106, 1106-1107 [2008], *lv denied* 11 NY3d 713 [2008]). Turning to the merits, an upward departure from the presumptive risk classification is justified when clear and convincing evidence establishes the existence of an aggravating factor that is not adequately taken into account by the risk assessment guidelines (*see People v Wasley*, 73 AD3d 1400, 1400 [2010]; *People v Brown*, 45 AD3d 1123, 1124 [2007], *lv denied* 10 NY3d 703 [2008]). Here, defendant's guilty plea arose out of his touching the penis of an 11-year-old boy—to whom he was providing private piano lessons. He was consequently assessed points on the risk assessment instrument for sexual conduct with the victim under clothing (10), the victim's age (20) and for abusing his professional relationship with the victim (20).

The Board recommended an upward departure based on, among other things, defendant's disclosure that he had inappropriately touched another boy. The case summary indicates that defendant initially denied such behavior, admitting it only after being informed that he might have to undergo a polygraph examination. Moreover, a treatment discharge form introduced into evidence by defendant reveals that he also admitted abusing other boys. Such acts did not lead to criminal charges and were not accounted for in the risk assessment instrument. Accordingly, County Court properly concluded that they were an appropriate basis for an upward departure (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 7 [2006]). Contrary to defendant's assertion, the case summary, treatment discharge form and a psychosexual evaluation report completed in Minnesota—which also references defendant's prior sexual contact with a child—are reliable hearsay and provide clear and convincing evidence to support County Court's upward departure (*see* Correction Law § 168-n [3]; *People v Palmer*, 68 AD3d 1364, 1366 [2009]; *People v Mann*, 52 AD3d 884, 886 [2008]). Accordingly, we decline to disturb County Court's classification of defendant as a level two sex offender.

Mercure, J.P., Peters, Malone Jr. and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.