■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BELTER, Appellant. [921 NYS2d 885]—

Appeal by the defendant from an order of the Supreme Court, Westchester County (Cohen, J.), entered March 24, 2010, which, after a hearing, designated him a level one sex offender and a sexually violent offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In the order appealed from, the Supreme Court properly stated that the "maximum number of points that the People would have [had] the court attribute to the defendant [was] 55," and that "the People [were] not otherwise seeking an upward departure."

Under these circumstances, the Supreme Court was correct in concluding that the issue of whether the defendant might have earned a lower numerical score under the guidelines established in the Sex Offender Registration Act (Correction Law art 6-C [hereinafter SORA]) was academic. The defendant would inevitably have remained at level one regardless of how low his numerical score might have been. While a SORA determination should be supported by findings of fact, there is no need for a court to make gratuitous findings of fact with respect to issues that are entirely academic (*cf. People v Smith*, 11 NY3d 797 [2008]). The defendant's contention that he had a right to have the Supreme Court make such findings as a matter of "procedural due process" is without merit.

Equally without merit is the defendant's contention that his adjudication as a sexually violent offender based on his having been convicted of attempted rape in the first degree constituted a denial of his substantive due process rights (*see generally People v Knox*, 12 NY3d 60, 69 [2009], *cert denied* 558 US —, 130 S Ct 552 [2009] [rational basis for Legislature's adoption of "hard and fast rule, with no exceptions" in SORA context]). Skelos, J.P., Leventhal, Sgroi and Miller, JJ., concur.