■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREN BRIGGS, Appellant. [928 NYS2d 108]—

Peters, J.P.

In 2009, defendant, a minister, pleaded nolo contendere in Michigan to criminal sexual conduct in the fourth degree and was sentenced to 180 days in jail as the result of his inappropriate sexual contact with an 11-year-old boy. Based upon his relocation to New York, the Board of Examiners of Sex Offenders prepared a risk assessment instrument that presumptively classified defendant as a risk level two sex offender (90 points) in accordance with the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]), but recommended an upward departure to risk level three status. Following a risk assessment hearing, County Court agreed and designated defendant a risk level three sex offender. Defendant appeals, arguing that he was improperly assessed points in three categories on the risk assessment instrument and that a downward departure was warranted.

Risk factor 7 provides, in pertinent part, that 20 points shall be assigned if the misconduct "arose in the context of a professional or avocational relationship between the offender and the victim and was an abuse of such relationship" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 12 [2006]). Although the risk assessment guidelines do not define a "professional or avocational relationship," they provide that this risk factor reaches those "who exploit a professional relationship in order to victimize those who repose trust in them" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 12 [2006]) and that "[t]he need for community notification . . . is generally greater when the offender strikes at persons . . . who have sought out his [or her] professional care" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 12 n 8 [2006]).

Furthermore, Black's Law Dictionary defines "professional relationship" as "[a]n association that involves one person's reliance on the other person's specialized training" (Black's Law Dictionary 1402 [9th ed 2009]).

Defendant served in a nondenominational Christian ministry since 1998. As part of his ministerial duties, defendant was placed by the ministry in the homes of parishioners who relied upon him to provide spiritual services. At the time of the instant incident, defendant had been welcomed into the victim's home in Michigan to provide spiritual guidance to the family, and it was through this relationship that defendant was able to secure the trust that enabled him to gain access to the victim behind closed doors. Under these circumstances, we find the relationship between defendant and the victim to be a professional one within the meaning of SORA, thus justifying the assessment of 20 points with respect to that risk factor (*see People v Carlton*, 78 AD3d 1654, 1655 [2010], *lv denied* 16 NY3d 782 [2011]; *People v Cuesta*, 65 AD3d 1113, 1114 [2009]; *see also People v Farrell*, 78 AD3d 1454, 1455 [2010]).

We similarly reject defendant's claim that he was improperly assessed 10 points under risk factor 12 for failing to accept responsibility for his actions. Defendant never admitted his guilt during his nolo contendere plea allocution (*cf. People v Matthie*, 34 AD3d 987, 990 [2006], *lvs denied* 8 NY3d 805, 847 [2007]) and, at the SORA hearing, denied that his contact with the victim was for the purpose of sexual gratification (*see People v Lerch*, 66 AD3d 1088, 1088-1089 [2009], *lv denied* 13 NY3d 715 [2010]; *People v Legall*, 63 AD3d 1305, 1306 [2009], *lv denied* 13 NY3d 706 [2009]). Furthermore, as defendant was released without any form of parole, probation or supervision, we find no error in the assessment of 15 points under risk factor 14 concerning release environment (*see People v Ramirez*, 53 AD3d 990, 991 [2008], *lv denied* 11 NY3d 710 [2008]; *People v Hyson*, 27 AD3d 919, 920 [2006]).

Nor are we persuaded that County Court abused its discretion in increasing defendant's classification from the risk level two recommended by the Board to risk level three. "[A]n upward departure from the presumptive risk classification is justified when clear and convincing evidence establishes the existence of an aggravating factor that is not adequately taken into account by the risk assessment guidelines" (*People v Farrell*, 78 AD3d at 1455; *see People v Hammer*, 82 AD3d 1456, 1457 [2011]). Initially, we agree with defendant that, given the absence of any proof substantiating the statement in the Michigan State Police original incident report that "there are ad-

ditional victims," and in light of defendant's denial of having victimized anyone else during his travels with the ministry, that hearsay statement does not rise to the level of clear and convincing evidence necessary to support County Court's upward departure (*see People v Warrior*, 57 AD3d 1471, 1472 [2008]; *see also People v Stewart*, 61 AD3d 1059, 1060 [2009]). However, the evidence of his propensity to move and transient lifestyle is not adequately taken into consideration by the risk assessment guidelines and was properly relied upon by the court as justification for an upward departure (*see People v Wasley*, 73 AD3d 1400, 1401 [2010]; *People v Roberts*, 54 AD3d 1106, 1107 [2008], *lv denied* 11 NY3d 713 [2008]; *People v Hill*, 50 AD3d 990, 991 [2008], *lv denied* 11 NY3d 701 [2008]). In our view, this ground alone was a sufficient basis for the court's upward departure. Accordingly, we find no basis upon which to disturb the court's classification of defendant as a risk level three sex offender.

Finally, defendant failed to preserve for our review his contention that he was entitled to a downward departure from his presumptive risk level, as he did not request such relief before County Court (*see People v Johnson*, 11 NY3d 416, 421-422 [2008]; *People v Parker*, 81 AD3d 1304, 1304 [2011], *lv denied* 16 NY3d 713 [2011]; *People v Rivera*, 51 AD3d 646, 647 [2008], *lv denied* 11 NY3d 704 [2008]). In any event, defendant failed to demonstrate by clear and convincing evidence the existence of any mitigating factors not taken into account by the guidelines that warranted a downward departure from his presumptive risk level (*see People v Barnett*, 71 AD3d 1296, 1297 [2010]; *People v Roe*, 47 AD3d 1156 [2008], *lv denied* 10 NY3d 707 [2008]).

Spain, Lahtinen, Malone Jr. and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.