[5 NYS3d 798]

# THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH STEPNEY, Appellant.

Supreme Court, Appellate Term, Second Department,
9th and 10th Judicial Districts, February 17, 2015

APPEARANCES OF COUNSEL

*Barry Jay Skwiersky*, Mount Vernon, for appellant.

OPINION OF THE COURT

MEMORANDUM.

Ordered that the order is affirmed, without costs.

Defendant was convicted, after a jury trial, of three counts of endangering the welfare of a child (Penal Law § 260.10 [1]), three counts of forcible touching (Penal Law § 130.52), and two counts of sexual abuse in the second degree (Penal Law § 130.60 [2]). The convictions arose out of several incidents that had occurred in July 2009. Defendant, who at the time was 26 years old, was employed as a "Servant Leader/Intern" by a summer school. He was assigned to lead a class of preteen and teenage students. Among other things, during regularly scheduled morning breaks, defendant engaged in improper sexual contact with an 11-year-old, a 13-year-old, and a 14-year-old girl.

Defendant appealed to this court, from the judgments of conviction, and this court modified two of the four judgments of conviction and remitted the matter to the City Court for resentencing, because it had not imposed sentence on each charge with respect to those two judgments. As so modified, the judgments of conviction were affirmed (*People v Stepney*, 42 Misc 3d 139[A], 2014 NY Slip Op 50170[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]).

After defendant was convicted and sentenced, the People filed a risk assessment instrument pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), assessing a total of 90 points, thus presumptively designating him a level two sex offender. Defendant contested the assessment of 20 points under risk factor 7, contending that the crimes did not arise "in the context of a professional or avocational relationship between" defendant and the victims (*People v Johnson*, 11 NY3d 416, 419 [2008]). Defendant also argued that under the circumstances of this case, the assessment of 10 points under risk factor 12, for failing to take responsibility for his actions (*see People v Reede*, 113 AD3d 663, 664 [2014]), was not warranted. After conducting a hearing pursuant to SORA, the City Court rejected defendant's contentions, assessed a total of 90 points against him, and designated him a level two sex offender.

Contrary to defendant's contention, the City Court properly assessed 20 points against him under risk factor 7. Defendant, a summer school "Servant Leader/Intern," committed the crimes of which he was convicted in the context of abusing and exploiting a professional and/or avocational relationship with his victims, who reposed their trust in him (*see People v Johnson*, 11 NY3d at 419; *People v Riverso*, 96 AD3d 1533, 1533-1534 [2012]; *People v Briggs*, 86 AD3d 903, 903-904 [2011]; *People v Carlton*, 78 AD3d 1654, 1655 [2010]; *People v Farrell*, 78 AD3d 1454, 1455 [2010]; *People v Newton*, 30 Misc 3d 134[A], 2011 NY Slip Op 50088[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 12 [2006]; *cf. People v Stein*, 63 AD3d 99 [2009]; *People v Houston*, 39 Misc 3d 1202[A], 2013 NY Slip Op 50426[U] [Sup Ct, Kings County 2013]).

Defendant contends that he did not have a professional relationship with the victims because he was not trained and was not a licensed teacher. He asserts that a "professional relationship" requires reliance on a person with extensive learning and training, who is required to be licensed, is subject to regulation, and must abide by an enforceable code of conduct, such as an attorney or a health care professional.

The definition of "professional" advocated by defendant (*see People v Stein*, 63 AD3d at 102; *see also People v Carlton*, 78 AD3d at 1656 [Martoche and Centra, JJ., dissenting]) is based on a formulation by the Court of Appeals in *Chase Scientific Research v NIA Group* (96 NY2d 20, 29 [2001]), which defined the term as a person with "extensive formal learning and training, licensure and regulation indicating a qualification to practice, a code of conduct imposing standards beyond those accepted in the marketplace and a system of discipline for violation of those standards." However, that definition was tailored to apply only to actions in which CPLR 214 (6) is at issue. CPLR 214 (6) provides "[a]n abbreviated statute of limitations" for nonmedical malpractice actions (*Chase Scientific Research v NIA Group*, 96 NY2d at 28). Indeed, the Court of Appeals explicitly "*underscore[d] that our definition*" of professional "*is limited to the context presented: CPLR 214 (6)*" (*id.* [emphasis added]). Applying the definition of "professional" in *Chase Scientific Research v NIA Group* to SORA hearings and determinations would significantly limit who could have points assessed against them pursuant to risk factor 7. In our view, this is not

what the legislature intended in enacting SORA. Consequently, we find that defendant and his victims had a professional and/or avocational relationship, and that 20 points were properly assessed against defendant under risk factor 7.

Defendant's contention that the City Court incorrectly assessed 10 points against him under risk factor 12, for failure to accept responsibility, has been rendered academic, as even without the 10 points at issue, defendant would be assessed 80 points and still qualify as a level two sex offender (*see People v Vasquez*, 37 AD3d 193 [2007]; *see also People v Belter*, 84 AD3d 905, 906 [2011]). In any event, the City Court properly assessed 10 points against defendant under risk factor 12, for failure to accept responsibility for his actions (*see People v Reede*, 113 AD3d at 664). The Risk Assessment Guidelines do not authorize a reduction of points under risk factor 12 based on a defendant's reasons for not accepting responsibility, which are relevant only to a request for a downward departure from the presumptive risk level (*see People v Smith*, 78 AD3d 917, 918-919 [2010]).

Defendant's assertion that the City Court should have granted a downward departure from risk level two to risk level one is without merit. A downward departure is warranted only if a defendant establishes special circumstances, by (1) identifying an appropriate mitigating factor that, as a matter of law, tends to establish a lower likelihood of reoffense or danger to the community, and is otherwise not adequately taken into account by the guidelines, and (2) establishing facts in support of such mitigating factor by a preponderance of the evidence (*see People v Worrell*, 113 AD3d 742, 742-743 [2014]; *People v Grubbs*, 107 AD3d 771, 773 [2013]; *People v Martinez*, 104 AD3d 924 [2013]; *People v Peeples*, 98 AD3d 491 [2012]; *People v Harris*, 93 AD3d 704, 705-706 [2012]; *People v Wyatt*, 89 AD3d 112, 127-128 [2011]). While defendant established that he was placed in a position of either admitting culpability during the presentence interview or having points assessed under risk factor 12, that, by itself, was insufficient to satisfy his burden with respect to his request for a downward departure (*cf. People v Kearns*, 68 AD3d 1713, 1713-1714 [2009]).

Defendant's remaining contention is without merit.

Accordingly, the order is affirmed.

IANNACCI, J.P., MARANO and GARGUILO, JJ., concur.