■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HORACIO BLACKWOOD, Appellant. [11 NYS3d 157]—

Order, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered on or about May 30, 2013, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

The People met their burden of establishing, by clear and convincing evidence, risk factors sufficient to establish a total point score of 75. Clear and convincing evidence supported the assessment of 20 points for defendant's relationship with the victim, since the underlying offense "arose in the context of a professional . . . relationship between the offender and the

victim and was an abuse of such relationship" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 12 [2006]). The trial evidence, which is summarized in this Court's decision on the direct appeal (108 AD3d 163 [1st Dept 2013], *lv denied* 22 NY3d 1197 [2014]), showed that defendant recruited the 17-year-old victim at a talent scouting event and repeatedly contacted her to encourage her to retain his services to pitch her demo tape to people in the entertainment industry. Shortly after she moved to New York City, defendant offered her alcoholic drinks, at least one of which secretly contained Ecstasy, and which she willingly drank, rendering her mentally incapacitated by the time defendant had sexual intercourse with her. The evidence supported the conclusion that defendant's abuse of his position of trust contributed to the victim's unquestioning acceptance of the drinks.

Clear and convincing evidence also supported the assessment of 10 points for failure to accept responsibility. Defendant initially told both the victim and the police that there had been no sexual intercourse. After the trial, defendant admitted to sexual intercourse with the victim during sentencing and in a probation interview, but sought to minimize or negate his guilt by stating that the victim removed her clothing and insisted on performing that act with defendant (*see People v Hernandez*, 117 AD3d 524, 524 [1st Dept 2014], *lv denied* 24 NY3d 902 [2014]).

We have considered defendant's remaining arguments concerning both point assessments at issue and find them unavailing. Concur—Acosta, J.P., Renwick, Moskowitz, Manzanet-Daniels and Feinman, JJ.