■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRETT BERNSTEIN, Appellant. [65 NYS3d 497]—

Order, Supreme Court, New York County (Larry R.C. Stephen, J.), entered on or about March 31, 2017, which adjudicated defendant a level three sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C [SORA]), unanimously affirmed, without costs.

The record supports the court's discretionary upward departure to a level three sex offender adjudication (*see People v Gillotti*, 23 NY3d 841, 861-862 [2014]). "[T]he level suggested

by the [risk assessment instrument (RAI)] is merely presumptive and a SORA court possesses the discretion to impose a lower or higher risk level if it concludes that the factors in the RAI do not result in an appropriate designation" (*People v Mingo*, 12 NY3d 563, 568 n 2 [2009], *see also People v Johnson*, 11 NY3d 416, 421 [2008]).

There was ample evidence to support aggravating factors not adequately accounted for in the RAI (*see e.g. People v Vives*, 57 AD3d 312 [1st Dept 2008]). The court properly based its upward departure on a combination of aggravating factors, including defendant's solicitation of various forms of child pornography from his two separate 14-year-old students, and defendant's text messages to them which contained illicit sexual content. The People submitted to the court 70 to 80 pages of text messages between defendant and one of the victims in which defendant "solicited naked pictures and naked videos" from her. These text messages which contained abhorrent sexual content, indicate that defendant presents an increased risk of harm or re-offense so as to warrant an upward departure. Further, defendant, who was in a position of trust and authority as their teacher, also pressured the victims to not disclose their communications and to delete the text messages he sent.

Contrary to the defendant's contention, the People sustained their burden of identifying and proving aggravating factors that were not adequately taken into account by the risk assessment instrument and that tended to establish a higher likelihood of re-offense or danger to the community.

Moreover, the mitigating factors cited by defendant were accounted for in the risk assessment instrument and were outweighed by the seriousness of his conduct (*People v Velasquez*, 143 AD3d 583 [1st Dept 2016]). Concur—Manzanet-Daniels, J.P., Mazzarelli, Kapnick and Webber, JJ.