People v Singh (2018 NY Slip Op 06628)





People v Singh


2018 NY Slip Op 06628


Decided on October 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2018

Friedman, J.P., Sweeny, Kapnick, Gesmer, Singh, JJ.


7239 1224/12

[*1]The People of the State of New York, Respondent,
v
Tulsie Singh, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Benjamin Wiener of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens (Jonathan K. Yi of counsel), for respondent.



Order, Supreme Court, Bronx County (Efrain Alvarado, J.), entered on or about January 4, 2017, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
Defendant was properly assessed 20 points under the risk factor for continuing course of sexual misconduct based on his sexual abuse of the victim on multiple occasions, as established by the victim's reliable grand jury testimony (see People v Mingo, 12 NY3d 563, 573 [2009]). Furthermore, defendant's plea allocution corroborated the grand jury testimony, as well as clearly established that the victim was less than 10 years old when the sexual abuse began, thereby supporting an assessment of 30 points under the factor based on the victim's age.
Defendant was also properly assessed 20 points for his exploitation of a professional relationship with the victim. Defendant, a teacher, used his role to secure the victim's trust in order to sexually abuse him (see People v Briggs, 86 AD3d 903, 904-905 [3rd Dept 2011]). We see no reason to limit this risk factor to professionals such as health care providers whose relationships with potential victims involve body contact.
Finally, defendant's affirmative claim of actual innocence, despite having pleaded guilty, supported an assessment of points for failure to accept responsibility.
The court providently exercised its discretion in declining to grant a downward departure (see People v Gillotti, 23 NY3d 841, 861 [2014]). There were no mitigating factors that were not adequately taken into account in the risk assessment instrument, or that outweighed the seriousness of the underlying offense.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 4, 2018
CLERK