People v Somodi (2019 NY Slip Op 02133)





People v Somodi


2019 NY Slip Op 02133


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX, JJ.


2015-10908

[*1]People of State of New York, respondent,
v
Clara Somodi, appellant.


Richard Cary Spivack, Forest Hills, NY, for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Nancy Fitzpatrick Talcott, and Danielle M. O'Boyle of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Richard L. Buchter, J.), dated October 1, 2015, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon her plea of guilty, of attempted criminal sexual act in the second degree. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the defendant was designated a level two sex offender based on the assessment of a total of 90 points on the risk assessment instrument (hereinafter RAI). On appeal, the defendant challenges the assessment of points under risk factors 4 and 7, and the denial of her request for a downward departure.
Correction Law § 168-n(3) requires a court making a risk level determination pursuant to SORA to "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based." Here, the Supreme Court did not adequately set forth its findings of fact and conclusions of law in its order. However, since the record is sufficient for this Court to make its own findings of fact and conclusions of law, remittal is not required (see People v Parris, 153 AD3d 68, 74; People v Davis, 130 AD3d 598, 599).
In establishing an offender's appropriate risk level under SORA, "[t]he People bear the burden of proving the facts supporting the determinations' by clear and convincing evidence" (People v Pettigrew, 14 NY3d 406, 408, quoting Correction Law § 168-n[3]; see People v Suarez, 163 AD3d 884, 884). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . , or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d 628, 629; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006] [hereinafter Guidelines]; People v Mingo, 12 NY3d 563, 571-572).
Contrary to the defendant's contention, the People established by clear and convincing evidence in the form of the sworn criminal complaint and the victim's grand jury [*2]testimony referenced by the prosecutor that the defendant engaged in two or more acts of sexual contact against the victim, including at least one act of sexual intercourse, separated by at least 24 hours (see Guidelines at 10; People v Cepeda, 161 AD3d 904, 905; People v Reali, 159 AD3d 1030, 1031; see also People v Price, 164 AD3d 1282, 1282). Accordingly, we agree with the Supreme Court's assessment of points under risk factor 4 for engaging in a continuing course of sexual misconduct.
We also agree with the Supreme Court's assessment of points under risk factor 7, as the People demonstrated by clear and convincing evidence that the crime arose in the context of a professional relationship between the defendant and the victim and was an abuse of that relationship (see Guidelines at 12). The defendant was employed as a paraprofessional at the school where the 14-year-old victim was a special education student. Under these circumstances, we agree with the court's conclusion that the relationship between the defendant and the victim was a "professional relationship" within the meaning of SORA (see People v Riverso, 96 AD3d 1533, 1533-1534; People v Briggs, 86 AD3d 903, 903-904; People v Farrell, 78 AD3d 1454, 1455; People v Carlton, 78 AD3d 1654, 1655; People v Stepney, 47 Misc 3d 20, 21-23 [App Term, 2d Dept, 9th and 10th Jud Dists]).
Finally, the Supreme Court providently exercised its discretion in denying the defendant's request for a downward departure from her presumptive risk level designation. "A defendant seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the . . . Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Garner, 163 AD3d 1009, 1009 [internal quotation marks omitted]; see People v Gillotti, 23 NY3d 841, 861; People v Wyatt, 89 AD3d 112, 128; see also Guidelines at 4). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism" (People v Garner, 163 AD3d at 1009; see People v Gillotti, 23 NY3d at 861). Here, the alleged mitigating circumstances identified by the defendant either were adequately taken into account by the Guidelines or, under the totality of the circumstances, did not warrant a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Baker, 163 AD3d 1007, 1008).
The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit.
Accordingly, we agree with the Supreme Court's determination to designate the defendant a level two sex offender.
BALKIN, J.P., CHAMBERS, ROMAN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court