People v Moore-Johnson (2019 NY Slip Op 09308)





People v Moore-Johnson


2019 NY Slip Op 09308


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-10314

[*1]People of State of New York, respondent, 
v
Marcus Moore-Johnson, appellant. Laurette D. Mulry, Riverhead, NY (Kirk R. Brandt of counsel), for appellant.


Timothy D. Sini, District Attorney, Riverhead, NY (Elizabeth Miller of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Barbara Kahn, J.), dated August 10, 2018, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In establishing an offender's appropriate risk level under the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), "[t]he People bear the burden of proving the facts supporting the determinations' by clear and convincing evidence" (People v Pettigrew, 14 NY3d 406, 408, quoting Correction Law § 168-n[3]). Contrary to the defendant's contention, he was properly assessed points under risk factor 7 for a relationship with the victim that arose in the context of a professional relationship and was an abuse of such relationship (see People v Somodi, 170 AD3d 1056; People v Cuesta, 65 AD3d 1113). The People met their burden as to risk factor 7 through evidence that the defendant was employed as a paraprofessional at the high school that the victim attended and that he was introduced to the victim by the victim's friend, who was a student in his class.
Moreover, we agree with the County Court's determination denying the defendant's request for a downward departure from his presumptive risk level. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter the Guidelines). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant failed to preserve for appellate review his contentions that he is [*2]entitled to a downward departure because the offense did not involve the use of force and because he did not have an uncontrolled impulse to engage in improper sexual behavior, as he failed to raise these contentions at the SORA hearing (see People v Uphael, 140 AD3d 1143, 1144-1145). In any event, the defendant's contentions are without merit. Further, the mitigating factors that were identified and properly preserved for appellate review by the defendant were either adequately taken into account by the Guidelines or did not warrant a downward departure from the presumptive risk level (see People v Uphael, 140 AD3d at 1144-1145; People v Ibarra, 137 AD3d 1097, 1098).
Accordingly, we agree with the County Court's designation of the defendant as a level two sex offender.
RIVERA, J.P., MALTESE, BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court