People v Sick (2020 NY Slip Op 05241)





People v Sick


2020 NY Slip Op 05241


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2019-05505

[*1]People of State of New York, respondent,
v
Tyler Sick, appellant.


Clare J. Degnan, White Plains, NY (Salvatore A. Gaetani of counsel; Jalen Matney on the brief), for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Raffaelina Gianfrancesco and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), entered December 6, 2018, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his pleas of guilty, of two counts of rape in the third degree. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court granted the People's application for an upward departure from the presumptive risk level, denied the defendant's application for a downward departure from the presumptive risk level, and designated the defendant a level three sex offender. The defendant appeals.
Contrary to the defendant's contention, the People established by clear and convincing evidence that the crimes arose in the context of a professional relationship between the defendant and the victim. The People met their burden as to the assessment of 20 points under risk factor 7 through evidence that the defendant was employed as a substitute teacher and a wrestling coach at the high school that the victim attended and that the victim was an assistant manager for the wrestling team (see People v Moore-Johnson, 178 AD3d 1102, 1103; People v Somodi, 170 AD3d 1056, 1057-1058; People v Stanley, 165 AD3d 1185, 1185-1186; People v Singh, 165 AD3d 444, 444; People v Blackwood, 129 AD3d 528, 528-529; People v Riverso, 96 AD3d 1533, 1533-1534; People v Briggs, 86 AD3d 903, 903-904; People v Farrell, 78 AD3d 1454, 1454; People v Carlton, 78 AD3d 1654, 1656; People v Cuesta, 65 AD3d 1113, 1114). The defendant's remaining contention regarding this risk factor is unpreserved for appellate review since he failed to raise that ground before the Supreme Court.
Given the age disparity between the then 28-year-old defendant and the then 15-year-old victim, we agree with the Supreme Court's denial of the defendant's application for a downward departure (see People v Catalano, 178 AD3d 1460, 1461; People v Love, 175 AD3d 1835, 1835; People v Dadd, 170 AD3d 898, 899; People v Garner, 163 AD3d 1009, 1009-1010; People v Quirindongo, 153 AD3d 863, 863-864; People v Anderson, 137 AD3d 988, 988; People v Fryer, 101 [*2]AD3d 835, 835).
The Supreme Court providently exercised its discretion in granting the People's application for an upward departure from the presumptive risk level to risk level three (see People v Bernstein, 156 AD3d 448).
CHAMBERS, J.P., HINDS-RADIX, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court