People v Suazo-Lopez (2022 NY Slip Op 02076)





People v Suazo-Lopez


2022 NY Slip Op 02076


Decided on March 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 24, 2022

Before: Gische, J.P., Mazzarelli, Friedman, González, Mendez, JJ. 


Ind No. 99002/17 Appeal No. 15577 Case No. 2018-1518 

[*1]The People of the State of New York, Respondent,
v
Nestor Suazo-Lopez, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Katheryne M. Martone of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Diana J. Lewis of counsel), for respondent.



Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about April 7, 2017, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-c), unanimously affirmed, without costs.
Clear and convincing evidence supported the assessment of 20 points for defendant's relationship with the victims, because the underlying offenses "arose in the context of a professional . . . relationship between the offender and the victim[s] and was an abuse of such relationship" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 12 [2006]). Defendant was a Navy petty officer second class assigned to recruiting who abused his position in committing sexual offenses against two recruit applicants, resulting in his conviction by general court-martial of rape and other crimes. Contrary to defendant's arguments, under this risk factor professional relationships are not limited to those involving learned or licensed professions (see e.g. People v Moore-Johnson, 178 AD3d 1102, 1103 [2d Dept 2019], lv denied 35 NY3d 906 [2020]; People v Blackwood, 129 AD3d 528 [2015], lv denied 26 NY3d 907 [2015]; People v Stepney, 47 Misc 3d 20, 21-23 [App Term, 2d Dept, 9th and 10th Jud Dists 2015]).
Clear and convincing evidence also supported the assessment of 10 points for lack of acceptance of responsibility. Defendant deserted from the Navy and fled to another country while under investigation for his offenses, which undermines his contention that he genuinely accepted responsibility for his actions (see generally People v Solomon, 202 AD3d 88 [1st Dept 2021]).
The court providently exercised its discretion when it declined to grant a downward departure (see People v Gillotti, 23 NY3d 841 [2014]). The mitigating factors cited by defendant were either adequately taken into account by the guidelines, or they do not warrant a downward departure given the seriousness of defendant's underlying conduct, namely, that he abused his position as a Navy recruiter to rape one young recruit applicant and sexually abuse another (see e.g. People v Shellman, 134 AD3d 517 [1st Dept 2015], lv denied 26 NY3d 919 [2016]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 24, 2022