People v Castro (2023 NY Slip Op 06815)

People v Castro

2023 NY Slip Op 06815

Decided on December 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 28, 2023

Before: Kern, J.P., Oing, Gesmer, Moulton, Mendez, JJ. 

Ind. No. 99003/20 Appeal No. 1305 Case No. 2021-03470 

[*1]The People of the State of New York, Respondent,
v
Jose Castro, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Ji Hyun Rhim of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Elliott R. Hamilton of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond L. Bruce , J.), entered on or about September 17, 2021, which adjudicated defendant a level three sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The record supports the court's discretionary upward departure to a level three sex offender adjudication (see People v Gillotti, 23 NY3d 841, 861-862 [2014]). "Clear and convincing evidence established the presence of aggravating factors, demonstrating a risk of harm to children, that were not otherwise adequately taken into account by the risk assessment instrument, including factors specified in the 2012 position statement on child pornography of the Board of Examiners of Sex Offenders" (People v Scott E., 190 AD3d 501 [1st Dept 2021], lv denied 36 NY3d 913 [2021]). Defendant was in possession of a large number of child pornography images and videos, had viewed and collected child pornography for an extensive period of time, and attempted to pay an application developer to develop an application to hide the images on his cell phone (see People v Wanko, 193 AD3d 430 [1st Dept 2021], lv denied 37 NY3d 910 [2021]; People v Ryan, 157 AD3d 463 [1st Dept 2018], lv denied 31 NY3d 904 [2018]). In addition, defendant started an online sexual relationship with an underage female and solicited images of her performing sexually explicit acts, and had attempted to contact her while he was out on bail pending trial on the underlying offenses (see People v Bernstein, 156 AD3d 448, 449 [1st Dept 2017]; see also People v Guyette, 140 AD3d 1555, 1556 [3d Dept 2016]). The mitigating factors cited by defendant were either adequately taken into account by the risk assessment instrument or were outweighed by the aggravating factors. The totality of the circumstances warranted an upward departure to avoid an underassessment of defendant's dangerousness and risk of recidivism.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 28, 2023