People v Wallace (2024 NY Slip Op 05189)

People v Wallace

2024 NY Slip Op 05189

Decided on October 22, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 22, 2024

Before: Singh, J.P., Kennedy, Rodriguez, Pitt-Burke, Michael, JJ. 

Ind. No. 24451C/18, 4316/18 Appeal No. 2374 Case No. 2020-03255 

[*1]The People of the State of New York, Respondent,
v
Raymond Wallace, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Robin Richardson of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Catherine Marotta of counsel), for respondent.

Order, Supreme Court, New York County (Robert Mandelbaum, J.), entered on or about June 1, 2020, which, after a hearing, adjudicated defendant a risk level three sex offender pursuant to the Sex Offender Registration Act (Correction Law Art 6-C), unanimously reversed, on the law, without costs, and defendant is adjudicated a risk level two offender.
The court properly assessed 20 points under risk factor 7 for defendant's sexual misconduct that arose in the context of his professional relationship with the victims (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 12). Defendant, a personal trainer, "exploit[ed] a professional relationship in order to victimize those who repose trust in them" (see People v Briggs, 86 AD3d 903, 904 [3d Dept 2011]; Guidelines at 12). Although his job did not require a license or specific training, professional relationships under Factor 7 are not "limited to those involving learned or licensed professions" (People v Suazo-Lopez, 203 AD3d 615, 616 [1st Dept 2022], lv denied 38 NY3d 912 [2022]).
However, the court should not have assessed 10 points under risk factor 12 for failure to accept responsibility. Defendant's denials of guilt were made at the time his appeal from his underlying conviction was pending. "Requiring defendant to accept responsibility could potentially result in his admissions being used against him in any retrial, violating his Fifth Amendment right against self-incrimination" (People v Williams, 223 AD3d 628, 629 [1st Dept 2024]; see generally People v Krull, 208 AD3d 163 [1st Dept 2022], appeal dismissed 39 NY3d 1093 [2023]). Accordingly, defendant should have been assessed 105 points, rendering him a presumptive risk level two offender.
We have considered defendant's remaining contentions and find them unavailing.
The Decision and Order of this Court entered herein on July 22, 2024 is hereby recalled and vacated (see M-4323 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 22, 2024