People v Bellinger (2024 NY Slip Op 06407)

People v Bellinger

2024 NY Slip Op 06407

Decided on December 19, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 19, 2024

CV-23-2180
[*1]The People of the State of New York, Respondent,
v
Kristin M. Bellinger, Appellant.

Calendar Date:November 18, 2024

Before:Garry, P.J., Egan Jr., Clark, Pritzker and Mackey, JJ.

Danielle Neroni Reilly, Albany, for appellant.
Lorraine C. Diamond, District Attorney, Fonda (Katherine Ehrlich of counsel), for respondent.

Clark, J.
Appeal from an order of the County Court of Montgomery County (Chad W. Brown, J.), entered June 22, 2023, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
In 2023, defendant pleaded guilty to criminal sexual act in the second degree, in satisfaction of an indictment that also charged her with three counts of rape in the second degree, and was sentenced to six months in jail, to be followed by 10 years of postrelease supervision. The charges stem from when defendant, who was a 35-year-old special education teacher in a middle school BOCES program, had sexual intercourse with the victim, an eighth-grade student enrolled in two of her classes, on multiple occasions beginning when he was 13 years old. Defendant briefly dated the victim's father, with whom the victim resided, and sexually abused the victim when she would go to their house, often when the father was absent, to help the victim with schoolwork; later, the abuse continued at her house in another county. In anticipation of defendant's release from jail, the People prepared a risk assessment instrument (hereinafter RAI) in accordance with the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) that assigned defendant a total of 125 points, including 20 points under risk factor 7 based upon her professional relationship with the victim, presumptively classifying defendant as a risk level three sex offender. The People argued that, in the event that County Court were to calculate defendant's presumptive risk level to be a risk level two, an upward departure to risk level three would be warranted. Following a SORA hearing, the court assigned a total of 85 points, including 20 points under risk factor 7, and classified defendant as a risk level two sex offender, declining the People's request for an upward departure. Defendant appeals.
Defendant argues that County Court erred in assigning 20 points under risk factor 7, on the premise that she did not establish a relationship with the victim in a professional setting or for purposes of sexually abusing him, contending that her relationship with the victim began as a "familial" one while she was dating his father, and that no abuse occurred until after she had already formed that relationship with the victim. In establishing an offender's appropriate risk level under SORA, "[t]he People 'bear the burden of proving the facts supporting the determinations' by clear and convincing evidence" (People v Pettigrew, 14 NY3d 406, 408 [2010], quoting Correction Law § 168-n [3]). "The Guidelines provide that 20 points should be assessed under risk factor 7 if [, as relevant here,] 'the offender's crime . . . arose in the context of a professional or avocational relationship between the offender and the victim and was an abuse of that relationship' " (People v Cook, 29 NY3d 121, 125 [2017] [brackets omitted], quoting Sex Offender Registration Act: Risk Assessment Guidelines [*2]and Commentary, risk factor 7 [2006]). It has been recognized that "factor 7 . . . is meant to focus on the relationship, or absence of a relationship, between the offender and his [or her] victim before the crime was committed" (People v Johnson, 11 NY3d 416, 420 [2008] [emphasis added]; accord People v Cook, 29 NY3d at 126). The evidence reflects that, for months prior to the crimes here, defendant was the victim's classroom teacher; notwithstanding her later personal relationship with the victim' s father, defendant tutored the victim in their home, often when the father worked late. As there was an established teacher-student relationship between defendant and the victim and the trust between them had been formed in that professional capacity, she breached that trust by sexually abusing the victim, and thus, County Court was fully justified in assessing 20 points under risk factor 7 (see People v Briggs, 86 AD3d 903, 904 [3d Dept 2011]; see also People v Sick, 186 AD3d 1733, 1733-1734 [2d Dept 2020], lv denied 36 NY3d 904 [2020]; People v Somodi, 170 AD3d 1056, 1057-1058 [2d Dept 2019]; People v Singh, 165 AD3d 444, 444 [1st Dept 2018], lv denied 32 NY3d 914 [2019]; People v Cuesta, 65 AD3d 1113, 1114 [2d Dept 2009]).
Defendant further contends that she was denied the effective assistance of counsel in that defense counsel failed to request a downward departure based upon certain claimed mitigating factors. "[T]o establish a claim of ineffective assistance of counsel, a defendant is required to demonstrate that he or she was not provided meaningful representation and that there is an absence of strategic or other legitimate explanations for counsel's allegedly deficient conduct" (People v Lopez, 226 AD3d 1165, 1166 [3d Dept 2024] [internal quotation marks and citations omitted], lv denied 42 NY3d 905 [2024]; see People v Sposito, 37 NY3d 1149, 1150 [2022]). A defendant seeking a downward departure must "demonstrate, by a preponderance of the evidence, the existence of mitigating factors not adequately taken into consideration by the risk assessment guidelines" (People v Waterbury, 231 AD3d 201, 203 [3d Dept 2024] [internal quotation and citations omitted]). To the extent that defendant faults her counsel for conceding 25 points under risk factor 2, which addressed the nature of the sexual contact, the victim's account and defendant's guilty plea supported the finding that defendant subjected the victim to sexual intercourse — as well as other sexual contact — more than 10 times, fully supporting the assessment of 25 points. Given the age disparity between defendant and the victim and the surrounding circumstances, the RAI did not result in an overassessment on the premise that the victims' inability to consent was due to age, and counsel was not ineffective for failing to argue that these facts warranted a downward departure (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 9 [2006]; compare People v Wilcox, 221 [*3]AD3d 1370, 1372 [3d Dept 2023]). Defendant's lack of criminal history was taken into account in the RAI in that no points were assessed under risk factor 9 and, likewise, she was not assessed points under risk factor 14 in recognition of her 10-year period of postrelease supervision. Accordingly, these factors could not have provided a basis for a downward departure (see People v Green, 201 AD3d 1137, 1139 [3d Dept 2022], lv denied 38 NY3d 906 [2022]). In light of the foregoing, and given that defense counsel made appropriate objections at the SORA hearing and successfully challenged the assessment of points under risk factors 1, 6 and 12, resulting in a risk level two classification — rather than the People's recommendation for a presumptive risk level three designation or an upward modification to risk level three — we are satisfied that defendant received meaningful representation (see id. at 1140; see also People v Lopez, 226 AD3d at 1167). Defendant's remaining claims have been considered and found to be without merit.
Garry, P.J., Egan Jr., Pritzker and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.