People v Robinson (2025 NY Slip Op 05832)

People v Robinson

2025 NY Slip Op 05832

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
ELENA GOLDBERG VELAZQUEZ, JJ.

2023-10995

[*1]The People of the State of New York, respondent,
v
David Robinson, appellant.

Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Kerriann Kelly and Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated August 29, 2023, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the County Court, after a hearing, assessed the defendant 115 points on the risk assessment instrument and designated him a level three sex offender. On appeal, the defendant challenges the assessment of points under risk factor 7.
"'In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing facts supporting the determination sought by clear and convincing evidence'" (People v Polanco-Lopez, 239 AD3d 778, 779, quoting People v Levy, 192 AD3d 928, 929; see Correction Law § 168-n[3]). "'In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . , or any other reliable source, including reliable hearsay'" (People v Vasquez, 189 AD3d 1480, 1481 [internal quotation marks omitted], quoting People v Luna, 187 AD3d 805, 806; see People v Polanco-Lopez, 239 AD3d at 779).
Contrary to the defendant's contention, the County Court properly assessed points under risk factor 7, as the People established, by clear and convincing evidence, that the defendant's crimes arose in the context of a professional and/or vocational relationship with the victims and were an abuse of that relationship (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 12 [2006]). The People met their burden as to risk factor 7 through evidence that the defendant was employed as a youth development professional at the Boys and Girls Club that the 14- and 15-year-old victims attended and that the defendant abused his position to commit sexual offenses against the victims (see People v Canon, 228 AD3d 438, 438; People v Parisi, 212 AD3d 666, 667; People v Laboriel, 210 AD3d 916, 917; People v Suazo-Lopez, 203 AD3d 615; People v Briggs, 86 AD3d 903, 904; People v Stepney, 47 Misc 3d 20, 22 [App Term, 2d Dept, 9th & 10th Jud Dists]). Contrary to the defendant's contention, "professional relationships under [risk f]actor 7 are not 'limited to those involving learned or licensed professions'" (People v Wallace, 231 AD3d [*2]600, 600, quoting People v Suazo-Lopez, 203 AD3d at 616).
Accordingly, the County Court properly designated the defendant a level three sex offender.
BRATHWAITE NELSON, J.P., FORD, DOWLING and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court