People v Gafur (2026 NY Slip Op 01540)

People v Gafur

2026 NY Slip Op 01540

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JANICE A. TAYLOR
CARL J. LANDICINO
ELENA GOLDBERG VELAZQUEZ, JJ.

2025-08278

[*1]The People of the State of New York, respondent,
vAaron Gafur, appellant. 

Randall D. Unger, Kew Gardens, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Nancy Fitzpatrick Talcott of counsel; Dallas S. Droz on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Gia L. Morris, J.), dated July 1, 2025, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of attempted course of sexual conduct against a child in the second degree. In this proceeding pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the Supreme Court, after a hearing, assessed the defendant 100 points on the risk assessment instrument and designated him a level two sex offender. The defendant appeals.
In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing, by clear and convincing evidence, the facts supporting the determinations sought (see Correction Law § 168-n[3]; People v Pettigrew, 14 NY3d 406, 408; People v Saraviahernandez, 242 AD3d 1235, 1235). In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders, or any other reliable source, including reliable hearsay (see People v Saraviahernandez, 242 AD3d at 1235; People v Gavalo, 235 AD3d 785, 785).
Contrary to the defendant's contention, the Supreme Court properly assessed 20 points under risk factor 4 for engaging in a continuing course of sexual misconduct, as the People established, by clear and convincing evidence, that the defendant engaged in three or more acts of sexual contact over a period of at least two weeks (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006] [hereinafter Guidelines]; People v Saraviahernandez, 242 AD3d at 1235; People v Ase, 222 AD3d 789, 790; People v Rodriguez, 211 AD3d 1058, 1059).
The Supreme Court also properly assessed the defendant points under risk factor 7, as the People established, by clear and convincing evidence, that the defendant's crimes arose in the context of a professional or vocational relationship with the victims and were an abuse of that [*2]relationship (see Guidelines at 12; People v Robinson, 242 AD3d 1130, 1131; People v Canon, 228 AD3d 438, 438; People v Stepney, 47 Misc 3d 20, 22 [App Term, 2d Dept, 9th & 10th Jud Dists]). Contrary to the defendant's contention, "professional relationships under [risk f]actor 7 are not 'limited to those involving learned or licensed professions'" (People v Wallace, 231 AD3d 600, 600, quoting People v Suazo-Lopez, 203 AD3d 615, 616; see People v Robinson, 242 AD3d at 1131).
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
IANNACCI, J.P., TAYLOR, LANDICINO and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court