People v Feldt
2026 NY Slip Op 04087
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JACOB FELDT, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
410 KA 25-00137
Present: Lindley, J.P., Curran, Ogden, Nowak, And Delconte, JJ.

NATHANIEL L. BARONE, II, PUBLIC DEFENDER, MAYVILLE (LYNN S. SCHAFFER OF COUNSEL), FOR DEFENDANT-APPELLANT.
JASON L. SCHMIDT, DISTRICT ATTORNEY, MAYVILLE (MICHAEL J. PISKO OF COUNSEL), FOR RESPONDENT.

Appeal from an order of the Supreme Court, Chautauqua County (Grace Marie Hanlon, J.), entered January 23, 2025. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.
[*1]
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (SORA) (Correction Law § 168 et seq.). We affirm.
We reject the contention of defendant that Supreme Court's assessment of 20 points against him under risk factor 7, relationship between defendant and the victim, is not supported by clear and convincing evidence (see Correction Law § 168-n [3]; People v Pettigrew, 14 NY3d 406, 408 [2010]). Pursuant to the Sex Offender Registration Act: Risk Assessment Guidelines and Commentary (2006) (Guidelines), 20 points are assessed "if the offender's crime . . . arose in the context of a professional or avocational relationship between the offender and the victim and was an abuse of such relationship. [In that] situation[ ] . . . there is a heightened concern for public safety and need for community notification" (Guidelines at 12; see generally People v Cook, 29 NY3d 121, 125-126 [2017]). "[F]actor 7 . . . is meant to focus on the relationship, or absence of a relationship, between the offender and [the] victim before the crime was committed" (People v Johnson, 11 NY3d 416, 420 [2008]; see Cook, 29 NY3d at 126). Although not specifically defined, we note that "professional relationships under [risk f]actor 7 are not limited to those involving learned or licensed professions" (People v Robinson, 242 AD3d 1130, 1131 [2d Dept 2025], lv denied 45 NY3d 907 [2026] [internal quotation marks omitted]; see People v Wallace, 231 AD3d 600, 600 [1st Dept 2024], lv denied 43 NY3d 907 [2025]; People v Suazo-Lopez, 203 AD3d 615, 615-616 [1st Dept 2022], lv denied 38 NY3d 912 [2022]).
Here, we conclude that the People's evidence at the SORA hearing established that the relationship between the 37-year-old defendant and the 16-year-old victim, prior to the offense conduct, was professional in nature, inasmuch as defendant was the manager of the movie theater where the victim worked and was her supervisor (see generally People v Bellinger, 233 AD3d 1331, 1333 [3d Dept 2024]; People v Somodi, 170 AD3d 1056, 1057-1058 [2d Dept 2019]; People v Carlton, 78 AD3d 1654, 1655 [4th Dept 2010]). Notwithstanding the fact that defendant and the victim later developed a personal relationship where the victim sought out defendant's advice, that relationship was nevertheless preceded by an established supervisor-employee relationship between defendant and the victim, and the trust between them was initially formed in that professional capacity. Defendant's offense conduct against the victim, some of which occurred in the movie theater during the victim's work shifts, constituted a breach of that [*2]trust by defendant (see Bellinger, 233 AD3d at 1333). Given the evidence in the record establishing that the personal relationship between defendant and the victim formed after the professional relationship started, we reject defendant's contention that his relationship with the victim was familial in nature (see generally Cook, 29 NY3d at 129-130; People v Stein, 63 AD3d 99, 101-102 [4th Dept 2009]). Consequently, we conclude that the court was justified in assessing 20 points with respect to risk factor 7 (see Carlton, 78 AD3d at 1655).
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court